WILLIAM JARTMAN *vs.* THE PACIFIC FIRE INSURANCE COMPANY.

First Judicial District, Hartford, May Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An application to open a judgment by default, unless based on a pure error of law, is addressed to the sound discretion of the court.

The defendant's copy of a writ required it to appear before the Court of Common Pleas, to be holden on the          Monday of September, 1896. The blank in the original writ was properly filled, but the defendant's agent in this State, to whom the copy had been forwarded by the defendant, erroneously supposing it followed the original in this particular and that a writ with such a blank could not be the foundation of a suit, paid no attention to the cause. *Held* that the trial judge was justified in making the defendant, rather than the plaintiff, suffer for the blunder of its representative, and did not exceed his judicial discretion in refusing to open the default.

[Submitted on briefs May 4th—decided July 13th, 1897.]

ACTION to recover the amount of a loss under a fire insurance policy, brought to the Court of Common Pleas in Hartford County where judgment was rendered for the plaintiff upon the defendant's default, *Walsh, J.* Subsequently the defendant filed a motion to open the judgment and restore the cause to the docket, which the court denied, and thereupon the defendant appealed to this court. *No error.*

The plaintiff had a policy issued by the defendant, insuring him against loss by fire on his household goods. During the life of the policy his goods were damaged by fire. He brought a suit on the policy to recover the loss, claiming to recover $200 damages. The complaint was duly served on the Insurance Commissioner of this State, and was returned to and entered in the docket of the Court of Common Pleas in Hartford County, at its September Term, 1896. The case was continued from time to time till the January Term 1897, when the defendant having failed to appear judgment was rendered by default for the plaintiff to recover the sum of $103.75.

On the 15th day of February, 1897, the defendant moved the said court to open the default. The court heard the parties on the motion, with their witnesses and counsel, and on consideration refused to grant it. The defendant gave notice of an appeal from that judgment to this court. For the purpose of making that appeal the counsel for the defendant asked the court for a finding of facts, and prepared and submitted to the judge of that court a proposed finding of the facts in the matter, as they claimed them to be, as follows :—

"1. On August 7th, 1893, the plaintiff brought an action against the defendant, to recover damages for an alleged loss by fire upon the premises occupied by the plaintiff. Said writ was made returnable to the first Tuesday of September, 1896, and was served by leaving a copy with the Insurance Commissioner of this State. Said commissioner mailed a writing purporting to be a copy of said process, to the defendant at New York, but in said copy there was left blank the time or date that defendant was summoned to appear in court to answer to said complaint. 2. Upon receiving said copy from the Insurance Commissioner, the defendant, by its proper officer, communicated by letter with the representative or agent of said company in this State, one, Granville W. Goodsell of Bridgeport, notifying him of the institution of of said suit, and directing him to protect the interests of the defendant therein. 3. Said Goodsell, after inspecting said writ, erroneously supposed and believed that it was not necessary to enter an appearance in said action, because of the omission of any specified time upon which to appear and answer ; and having previously been negotiating a compromise of the plaintiff's claim, having had several conferences with plaintiff's counsel upon the subject of said claimed loss, said Goodsell erroneously supposed and believed that said writ had been sent to said company for the purpose of hastening a settlement of the claim, and erroneously believed that no suit was actually pending in said court ; and solely on that account, and because of his ignorance of the legal *status* of said claim as then being prosecuted against the defendant, he failed to enter an appearance in said cause in

behalf of the defendant, or to employ counsel to appear in said cause. 4. The defendant, at all times since said action was brought, has believed that its said agent in Connecticut had protected its interests in respect to the claim made by the plaintiff, and in respect to said suit, in every proper way, and that he had taken such steps as would ensure it a trial upon the merits of said cause, and had no knowledge of the judgment by default rendered in said cause, or that the *status* of said case was such as that a judgment by default could be rendered therein, until notified by counsel for plaintiff by letter dated February 2d, 1897, of the fact that a judgment by default was rendered in said cause on the 13th day of January, 1897. 5. Immediately upon receipt of said notice defendant employed counsel, and through its counsel at once took steps to procure the opening of said judgment, claiming to have a legal defense to said action. The court denied said motion, and held that upon the facts hereinbefore set forth, the defendant was guilty of negligence in failing to cause an appearance to be made in said cause."

The judge made a finding different from the finding proposed by counsel. It is this: "1. The plaintiff held a policy of insurance duly issued by the defendant, on his clothing and household furniture; and by a fire which occurred on the 15th day of July, 1896, the property so insured by the defendant was damaged. 2. The defendant had notice of said loss and, through its agent, negotiations were opened with the plaintiff with the view to the adjustment and payment of said loss; but a difference arose as to the actual amount of damage, and all attempts for an amicable adjustment of the same were abandoned about the 18th day of July, 1896. 3. On the 26th day of August, 1896, the plaintiff brought an action against the defendant to recover the loss caused by said fire, by writ and complaint returnable to this court on the first Monday of September, 1896, and service was duly made of the same, as required by statute, by a deputy sheriff of said county leaving a true and attested copy of the writ and complaint with the Insurance Commissioner of this State. 4. The Insurance Commissioner, in-

stead of forwarding to the defendant the attested copy of the writ and complaint served upon him by the officer, had his chief clerk make a copy of the same, and forward it to the defendant, and in the copy so made by said chief clerk by mistake the return day was represented as being 'the Monday of September, 1896,' omitting the word 'first' before Monday. 5. The copy of the writ and complaint was served on the Insurance Commissioner on the 26th day of August, 1896, who on the same day forwarded a copy of the same with the word 'first' omitted therefrom, as aforesaid, by mail to the defendant at its principal office in New York City, by whom it was received in due course of mail. 6. The defendant upon receiving said copy of the writ and complaint from the Insurance Commissioner, wrote, by its president, to Granville W. Goodsell of Bridgeport, the agent of said defendant in this State, a letter in relation thereto, of which the following is a copy : ' New York, August 26, 1896. G. W. Goodsell, Esq., Special Agent, Bridgeport, Conn. Dear Sir : — We have to-day received from the Insurance Department of your State papers *in re* claim of William Jartman. This is the loss under policy No. 10,259, New Britain, Conn., which agent reported July 15th probable loss $25 to $50. The amount demanded in the complaint is $200. We presume that you have this matter in mind and will see that same has prompt attention. The summons reads : To appear before the Honorable Court of Common Pleas, Hartford, on Monday of September, 1896. We can send you the papers if you desire, but presume that you are entirely familiar with the case. Respectfully, Frank T. Stinson, President.' 7. Said Goodsell made no attempt to ascertain when said action was actually returnable, and took no steps to employ an attorney to ascertain what course would be proper, under the circumstances, to pursue. 8. The original writ and complaint was duly returned to this court, and remained on the docket, without any appearance by or on behalf of the defendant, from the first Monday of September, 1896, until the 13th day of January, 1897, a period of more than four months, when the same was defaulted. 9. Upon a hearing in damages the

plaintiff claimed to have proved by himself and another witness, that he sustained a loss by fire as aforesaid of $130.75. The court after hearing the evidence did not allow that sum, but rendered judgment for $103.75 in favor of the plaintiff. 10. On the 13th day of February, 1897, the defendant filed a motion to open the judgment so rendered, and to restore said cause to the docket, as by said motion fully appears. 11. The allegation in said motion, that the copy of the writ and complaint left with said Insurance Commissioner did not specify on what date the defendant was required to appear in court, is not true; and the only omission in the copy sent the defendant was that hereinbefore mentioned. 12. The allegation in said motion that the defendant's agent had, at the time of the service of said writ and complaint, 'negotiations pending with counsel for the plaintiff for a settlement of plaintiff's claim, and supposed and erroneously believed that said writ was merely designed to hasten the pending negotiations, and was not aware that any suit was actually pending,' is not true. All negotiations for settlement had been abandoned three weeks before bringing this suit, and the agent was expressly notified of the pending of this action. 13. The allegation in said motion, that the defendant is prepared to show that in fact the plaintiff's loss did not exceed $15, is inconsistent with the defendant's letter to its said agent, in which its states that on the day of the fire its local agent reported the loss as from $25 to $50; and the plaintiff has proved an actual loss of more than double the highest sum thus named. 14. No evidence was offered by the defendant to show that its said agent in any way led it to believe that he had taken any steps to protect its interests in relation to the plaintiff's claim, or that he had taken any steps to ensure it a trial upon the merits of the action; or that any fraud or deceit had been practiced upon it by said agent in reference to this action. 15. No evidence was offered by the defendant to show that it ever received any reply from its said agent to the letter sent him instructing him to see that this action had prompt attention; and no evidence was offered to show that during said four months,

while the action remained undefended, there was any attempt made by the defendant to ascertain the *status* of the case, or the action taken by its agent in reference thereto. 16. The motion of the defendant to open the judgment was sworn to by its agent, Goodsell, but no oral testimony was offered in support of it; and the averments therein, so far as the same have not been disproved, and as found true by the court, are as follows: 17. The defendant's agent for the State of Connecticut, to whom the defendant intrusted the matter of looking after its interest in the action, erroneously supposed and believed that it was not incumbent upon him to enter an appearance in said cause on account of the omission of any specified date on which the defendant should appear; and because of his ignorance of the legal *status* of the matters between the plaintiff and defendant by the issuance of said writ, he failed to enter any appearance for the defendant. 18. The defendant had no knowledge that a judgment by default had been rendered in said action, or that the *status* of the said cause was such that a judgment by default could be rendered therein, until notified by counsel for the plaintiff in a letter dated February 2d, 1897, that a judgment by default had been rendered by this court on the 13th day of January, 1897. 19. Immediately upon receipt of such notice defendant employed counsel and filed the motion to have said judgment opened. 20. The court finds that the defendant, through its said agent, was guilty of negligence in not taking any steps to ascertain the actual return day of the original writ; and in not taking steps to ascertain if a mistake had not been made in the copy of the writ and complaint sent to it by the Insurance Commissioner; and in not consulting with or employing counsel in reference to said action. 21. The court further finds that the defendant itself was guilty of negligence in not having for four months taken any steps to ascertain what, if any, action had been taken by its said agent in reference to defending said action, or whether the instructions given by it to said agent had been carried out; and in not appearing or having counsel appear to defend said action. Upon the foregoing facts the court

denied the motion to open the judgment and restore the case to the docket."

This finding was filed on the 31st day of March, 1897. Subsequently there were various motions to change the finding, which were heard and rulings made thereon. The present case is an appeal to this court from the judgment of the Court of Common Pleas, accompanied by a motion to correct the finding. The exceptions and reasons of appeal are as follows :—

"1. The court erred in holding and deciding that the written motion of defendant on file and duly sworn to as required by law, did not, in the absence of other evidence, furnish *prima facie* evidence of the truth of the allegations therein contained. 2. The court erred in holding and deciding, without other evidence than the written motion of the defendant on file, and the letter from the defendant to one Goodsell set forth in said finding, that the defendant had not a valid defense to said action ; and in holding and deciding that the *ex parte* evidence originally offered by the plaintiff in said action could be lawfully resorted to by the court upon this proceeding, in determining whether in fact the defendant had a valid defense thereto. 3. The court erred in holding and deciding that the allegations of said written motion of the defendant, duly sworn to, did not furnish *prima facie* evidence of the fact that defendant had a legal defense to said action. 4. The court erred in holding and deciding that, upon the facts found, the defendant was guilty of negligence in failing to enter an appearance in said cause. 5. The court erred in finding, without any evidence in opposition to the allegations of said written motion, that 'all attempts for an amicable adjustment of the same were abandoned about the 18th day of July, 1896,' as set forth in the second paragraph of the finding; and in finding that ' the allegation of said motion, that the defendant's agent had, at the time of the service of said writ and complaint, negotiations pending with counsel for the plaintiff for a settlement of plaintiff's claim, and supposed and erroneously believed that said writ was merely designed to hasten the pending

negotiations, and was not aware that any suit was actually pending,' was not true, as set forth in the 12th paragraph of the finding; and in finding 'that all negotiations for settlement had been abandoned three weeks before bringing this suit, and the agent was expressly notified of the pending of this action,' as set forth in said 2d paragraph. 6. The court erred in refusing to find, in the absence of any opposing evidence, that the facts contained in paragraphs 3, 4, 5 and 7, of defendant's written motion, were proven and true. 7. The court erred in refusing to find as requested in paragraphs 3 and 4 of the defendant's requests, and in paragraphs 8 and 9 of defendant's proposed amendments to said finding."

*Stiles Judson, Jr.*, for the appellant (defendant).

*Bernard Gaffney*, for the appellee (plaintiff).

ANDREWS, C. J. An application to open a default is, when not based on a pure error of law, addressed to the sound discretion of the court.

On the defendant's own claim, it received in due season what purported to be a copy of the writ requiring it to appear before the Court of Common Pleas to be holden on the Monday of the following month, and immediately forwarded to one whom, in its "proposed finding," is styled "the representative or agent of said company in this State," for proper action. This representative took no action, under the mistaken belief that the copy was correct, and that a writ with such a blank could not be the foundation of a suit.

Some one must lose by this mistake; either the plaintiff, who has recovered judgment on a proper writ, and necessarily at an expense considerable in view of the amount in controversy, or the defendant, who has thus been held liable for a claim against which it had a good defense.

In our opinion, the judge of the Court of Common Pleas was justified in ruling that the company, rather than the plaintiff, must be the party to suffer from the blunder of its

representative.  He should have consulted counsel before committing his principal to a policy of inaction.  *Woods* v. *Brzezinski*, 57 Conn. 471.  The amount of the judgment was not large enough to involve the defendant in any serious loss; while if the default had been opened, the plaintiff would necessarily have been put to such new expense as, in the event of his ultimate recovery, would have materially reduced, if not consumed the fruits of his litigation.

Under these circumstances, even if every other claim of the defendant had been supported, the trial court did not exceed the limits of judicial discretion in refusing to open the default.

It is therefore unnecessary to consider the numerous subordinate questions which are raised upon the record.

There is no error.

In this opinion the other judges concurred.