## JOSIAH J. WHITE'S APPEAL FROM PROBATE.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A plaintiff's motion for a continuance may well be refused where he has had ample opportunity to prepare his case and is merely seeking to avoid or delay the trial; and the mere fact that his motion is accompanied by affidavits of his illness, and the engagement of his counsel in a jury trial in another county, does not render a denial of the motion erroneous as matter of law.

If the plaintiff, under such circumstances, fails to produce any evidence, the trial court is justified in nonsuiting him and in afterwards refusing to reopen such judgment.

A motion to set aside such a nonsuit should be seasonably made, and usually during the session of the court at which the judgment was rendered. Its allowance or denial is ordinarily a matter of discretion which will not be reviewed on appeal.

Neither § 1110 of the General Statutes (Rev. 1902, § 762), which provides for a motion for the setting aside of a nonsuit granted after the plaintiff has produced his evidence and rested his case, and for an appeal from the denial of such motion, nor § 1126 (Rev. 1902, §§ 748, 749) providing for the opening of a default, apply to a motion to set aside a nonsuit granted for the plaintiff's failure to produce any evidence at the time fixed for the trial.

The appellant, having been nonsuited on February 25th, for failing to offer any evidence, and having taken no appeal from that judgment, on April 8th, when another judge was holding another session of the court, moved to set aside the nonsuit, and appealed from the denial of that motion. *Held* that such an appeal did not fall within the terms of any of the statutes above cited, nor could it be made to serve the purposes of an appeal taken thereunder.

Submitted on briefs October 15th—decided December 5th, 1902.

APPEAL from a decree of the Court of Probate for the District of Chatham, appointing the respondent Strong as guardian of the estate of the appellant's minor son, taken to the Superior Court in Middlesex County where the appellant was nonsuited after his motion for a continuance of the cause had been denied (*Case, J.*). From the subsequent refusal of the court, *Ralph Wheeler, J.*, to set aside the nonsuit, the appellant appealed.

The case is sufficiently stated in the opinion.

*Theodore M. Maltbie,* for the appellant (White).

*Charles E. Gross,* for the appellee (Strong, guardian).

HALL, J.   In July, 1901, Josiah J. White appealed to the Superior Court from the decree of the Court of Probate for the district of Chatham, approving—as guardian of the property in this State, of his son, Frederick Hall White, then between seventeen and eighteen years of age and residing in Brooklyn, New York—Ellsworth B. Strong of Portland in this State, who had been chosen by the appellant's said son to be such guardian, and for the approval of whom, as such guardian, an application had been duly made by said son to said Court of Probate.

It appears from the record that said appeal came to the Superior Court on the first Tuesday of September, 1901, and that on the 25th of the following February, upon which day said appeal had been assigned for trial before the court, (*Case, J.*) the appellant filed a written motion for a continuance, accompanied by his affidavit and that of his attorney, Mr. Hamilton, and of a physician, setting forth as the grounds of such motion the illness of the appellant, the engagement of his counsel, Mr. Hamilton, in the trial of a jury case in the Superior Court in New Haven county, and the inability of the appellant to procure other counsel.   This motion is indorsed by *Judge Case* as denied February 25th, 1902.   By the judgment-file of the same date it appears that the appellee appeared and the appellant failed to appear to prosecute his appeal, and that thereupon it was adjudged that the decree of the Court of Probate be confirmed.   No appeal appears to have been taken, or attempted to be taken from said judgment, nor any finding to have been made or requested, nor does the record show any further action to have been taken concerning said cause, during the session of the court at which said judgment was rendered.   On the 8th of the following April, after the next return-day, and at another session of said court at which another judge presided, the appellant, by his said attorney, Hamilton, filed a written motion, verified by the af-

fidavit of the appellant, alleging that on account of his own illness and the engagement of his counsel before the jury in New Haven county, and his inability to procure other counsel, he was unable to proceed with the trial on the 25th of February, and was compelled to send other counsel to ask for the postponement of his cause ; and that the court, not fully understanding the entire situation of the parties, on account of the absence of the appellant's counsel, and upon the insistence of counsel for the appellee, nonsuited said case; and requesting the court, upon finding said allegations true and proven, to open said nonsuit and allow the appellant an opportunity to try said cause.

From the finding of *Judge Ralph Wheeler*, who presided at said session, it appears that on the 11th day of April, the day assigned for the hearing of said motion to open the non-suit, said attorney Hamilton did not appear, but sent a representative who asked for a postponement of the hearing until 2 o'clock in the afternoon, upon the ground that Mr. Hamilton was engaged before the Supreme Court of Errors, and that after hearing counsel the court found no reasonable ground for the postponement of the hearing and no just cause for setting aside the nonsuit, and so denied the motion to open such nonsuit.

The following order of court, dated April 11th, 1902, also appears in the record before us : " Upon the hearing of the motion to open nonsuit in the above-entitled cause, filed April 8th, 1902, it is hereby ordered (*Hon. Ralph Wheeler*, *Judge*,) that said motion be denied."

On the 14th of April, the appellant filed a notice of appeal, and at his request *Judge Ralph Wheeler* made a finding of facts, refiled July 8th, 1902, stating the circumstances concerning the assignment of the case on the 25th of February before *Judge Case;* the failure of the appellant and his attorney to appear and prosecute the appeal ; and the hearing upon the motion for a continuance, and in which, with reference to the action of the court at the previous session, he finds that the court held on the evidence before it, " that the appellant's attorney had ample time to make preparation for

the trial of the case, and that there had been an attempt by Mr. White to stave off the trial;" that the court so denied the motion for a continuance, and that thereupon "Mr. O'Meara (the attorney who appeared for the appellant before *Judge Case*), stated that they had no evidence to offer, and a nonsuit was ordered entered."

The present appeal was filed July 16th, 1902, assigning, among other reasons of appeal, that the court erred in granting the nonsuit and dismissing the case under the circumstances stated in the finding; in subsequently refusing to open the nonsuit, "and finally dismissing said cause;" in ruling that the appellant was not entitled to a postponement of the case when his counsel was engaged in the trial of a jury case in another county; and in holding that the motion to open the nonsuit was made too late and could not be granted at that time, etc.

From these facts it is not clear what remedy the appellant has endeavored to pursue to have the judgment of nonsuit set aside. Obviously this is not an appeal under § 1129 of the General Statutes (Rev. 1902, § 788) from the judgment of nonsuit rendered on the 25th of February, since no attempt was made to take an appeal from that judgment; nor is it an appeal from a decision of a motion to set aside a judgment of nonsuit, under § 1110 (Rev, 1902, § 762), since the appellant had neither rested his case nor produced any evidence when the judgment was rendered, and since the appellant did not afterwards file a written motion to set aside the judgment during the same session or before the next return day, as required by the provisions of that section.

Section 1126 of the General Statutes (Rev. 1902, §§ 748, 749), which appellant's counsel may have believed gave him the right to file the motion to open the nonsuit, and which provides that a judgment or a decree upon a default may be set aside, at the next term of court upon complaint verified by oath, does not apply to judgments of nonsuit.

Prior to the revision of the rules of practice in 1899, Rule 2, § 2 (Practice Book, p. 246), provided that if either party to any cause should not be prepared to try the same when reached

in order, he should be defaulted or nonsuited, as the case might be, unless the case, for cause shown, was postponed, etc. Rule 2, § 69, of the present rules of practice (Rules of Court, Ed. of 1899, p. 28), provides that all cases assigned for trial on a specified day will be considered as assigned for the opening of the court on that day, at which time the parties must be ready for trial; and Rule 8, § 188 (Rules of Court, Ed. of 1899, p. 53), provides that "if a party fails to comply with an order or rule he will be nonsuited or defaulted, and upon motion to set aside such nonsuit or default the court may grant the motion, upon compliance with such terms as the court may impose."

The appellant's case was specially assigned for trial on the 25th of February, and he was nonsuited by *Judge Case* for failure to comply with the rule requiring him to be ready for trial on that day when the case was reached. A motion under Rule 8, § 188, to open such a judgment of nonsuit, should be seasonably made, and ordinarily during the session of the court at which the judgment was rendered. There is nothing in the facts before us to justify the delay in making such motion from February 25th to April 8th, and until another judge was holding another session of the court. The allowance or denial of a motion to open a nonsuit to enable a plaintiff to present his evidence, is ordinarily a matter of discretion which will not be reversed on appeal. *Trumbull* v. *O'Hara*, 68 Conn. 33. Under the circumstances shown by the record in this case, an appeal taken from the mere denial of such a motion by *Judge Wheeler*, cannot be made to serve the purposes of an appeal from the judgment of nonsuit, or of an appeal taken under said § 1110 (Rev. 1902, § 762) from the denial of a motion to set aside a nonsuit. The record fails to show that the trial court (*Wheeler*, *J.*) ruled that the appellant's motion to open the nonsuit was made too late and could not be granted at that time, as alleged in the reasons of appeal.

The action of the court (*Wheeler*, *J.*) in refusing to postpone until 2 o'clock the hearing upon the motion to open the nonsuit, is not made a reason of appeal. The record

shows that a hearing was in fact had upon the motion, and a finding of facts made by *Judge Wheeler*. It appears by that finding that the trial court denied the appellant's motion to open the nonsuit, because *Judge Wheeler* found no just cause for setting aside the nonsuit, and in effect found that the motion for a continuance was denied and the judgment of nonsuit rendered by *Judge Case* on the 25th of February, because that judge held upon the evidence before him that appellant's counsel had ample opportunity to prepare for the trial of the case on that day, and that the appellant was endeavoring to avoid or delay a trial of the case. These facts show sufficient reason, both for the granting of the nonsuit by *Judge Case*, and for the refusal of *Judge Wheeler* to open it.

Most of the requested corrections of the finding appear to have been made by the trial judge; others asked for are not material.

There is no error.

In this opinion the other judges concurred.