DELPHINE BARTON *vs.* ROYAL BARTON.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 7th—decided December 21st, 1937.

*Edward S. Snyder,* for the appellant (defendant).

*Lester W. Schaefer,* for the appellee (plaintiff).

MALTBIE, C. J.   This divorce action was tried at Litchfield on April 14th, 1937, neither the defendant nor his attorney being in attendance, and the trial court, having heard the plaintiff and her witnesses, gave judgment for her.   On April 17th, 1937, the de-

fendant by his attorney filed a written motion that the judgment be opened, which the trial court denied on April 23d, 1937. On May 4th, 1937, the defendant filed an appeal from the judgment of the court. The substantial errors assigned, to which his other claims are incidental, are that the trial court heard the case ex parte, that it failed to open the judgment on his motion, and that it considered and passed on that motion in the absence of defendant's counsel.

The finding states the following facts: The case was regularly assigned to be tried on the day it was heard. The court was informed that it had been previously assigned on several occasions but postponements had been granted at the request of the defendant's attorney, and that the defendant was in contempt of an order of court, but a deputy sheriff who had a mittimus for his commitment had not been able to find him in order to serve it upon him. The attorneys for the plaintiff urged that the case be heard and further informed the court that although the defendant had filed a cross-complaint charging the plaintiff with adultery he had made no effort to have a hearing, but was apparently awaiting the outcome of a suit he had brought for the alienation of his wife's affections then pending in New Haven County. The trial court inquired of counsel and the clerk whether any word had been received from the defendant's attorney and was informed that though he had been notified in the regular way of the assignment of the case for trial nothing had been heard from him. The court then proceeded to hear the plaintiff and her witnesses. Later the court was informed that on April 13th the defendant's attorney had mailed a letter to the clerk addressed to him at Litchfield, stating that it was impossible for him to try the case on April 14th and that at the same time he had written a similar letter to one

of plaintiff's counsel; but that neither letter had been received before the hearing of the action.

On April 16th, 1937, defendant's counsel made the motion to open the judgment before referred to and claimed it for hearing at the short calendar session to be held April 23d, 1937. Early in the morning of that day the trial judge received a telephone call at his home in New Haven from an attorney speaking in behalf of the defendant's attorney; a request was made for a postponement of the hearing on the motion; but the attorney was told that a postponement could not be granted if the plaintiff's attorneys objected, because of their expressed attitude at the trial that the case had been deliberately and persistently delayed by the defendant's attorney without good reasons. When the motion was reached at the short calendar session neither the defendant's attorney nor anyone representing him was present, and the clerk and the plaintiff's counsel stated that they had received word that the defendant's attorney was engaged in court at New Haven and would not be in attendance at Litchfield. The trial court then considered the motion, reviewed the file and the proceedings thereon, heard statements by the clerk and the attorneys for the plaintiff and denied the motion.

The defendant seeks in his assignments of error several corrections in and additions to the finding, but the record affords no basis upon which we could make them. The defendant claims that upon the failure of his attorney to appear the case should have been placed upon the uncontested divorce list. No statute or rule of court prevents a trial court, when a case is regularly assigned for trial, the plaintiff appears with his witnesses and the defendant fails to appear, from proceeding forthwith to hear the case. The action of the trial court in proceeding with the hearing must be

considered in the light of the situation then presented to it. The case had been regularly assigned for trial and the counsel for the defendant had been regularly notified, but he was not present nor had the clerk or opposing counsel had word from him; the court was informed that defendant's counsel had previously requested several postponements; and that the defendant could not be found by an officer having a mittimus issued against him for contempt. The trial court could reasonably conclude that the defendant did not propose to contest the case and in the exercise of its discretion proceed to hear the plaintiff and her witnesses and render judgment.

"Obviously a mere entry [of appearance] is not enough; the party himself, or his attorney, must actually be in court at all proper times to attend to the case; otherwise he may be defaulted notwithstanding the entry." *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 393. Had defendant's counsel, instead of waiting to write to request a postponement until the day before the case was assigned to be heard, given reasonable notice to the clerk and opposing counsel that it would be impossible for him to be present on that day, or if he discovered that he would be prevented from attending too late to be reasonably assured that a letter would be delivered before the case was reached, had he telephoned, very likely the hearing of the case would have been postponed. The defendant can hardly charge the court with error where its course of action resulted from the neglect of his own counsel, for which, even in the draft-finding, no excuse is offered.

Much the same situation exists with reference to the denial of the motion to open the judgment. Had defendant's counsel or someone representing him been

present in court when the motion came up for hearing the trial court would no doubt have heard him and fairly considered his contentions. If he was reasonably prevented from attending court himself it does not appear that he could not have secured some other attorney to represent the interest of his client, as he did in fact under somewhat similar circumstances at the hearing of the appeal before this court. Even where a judgment of default is based upon a failure to make entry of appearance, the judgment may not be opened unless the defendant was prevented from appearing by accident, mistake or other reasonable cause. General Statutes, § 5649; *Paiwich* v. *Krieswalis*, 97 Conn. 123, 125, 115 Atl. 720. As the trial court stated in its conclusion, an application to open a judgment by default, unless at least it is based on a pure error of law, is addressed to the sound discretion of the court, and we cannot hold that the trial court in this instance did not exercise a proper discretion in denying the motion. *Jartman* v. *Pacific Fire Ins. Co.*, 69 Conn. 355, 362, 37 Atl. 970; *White's Appeal*, 75 Conn. 314, 319, 53 Atl. 582; *Carrington* v. *Muhlfeld*, 122 Conn. 334, 337, 189 Atl. 184.

It is true that the State has an interest in every action where a divorce is sought "to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case." *Allen* v. *Allen*, 73 Conn. 54, 55, 42 Atl. 242; *Dennis* v. *Dennis*, 68 Conn. 186, 196, 36 Atl. 34. The State also has an interest in the orderly and reasonably expeditious determination of actions which come into its courts. The trial court in this case satisfied itself from the testimony of the plaintiff and her witnesses that a divorce ought to be granted. No doubt in its action upon the motion it had in mind and weighed the

interest of the State in the matter. We cannot find error in the rulings it made.

There is no error.

In this opinion the other judges concurred.