## AUTOMOTIVE TWINS, INC. *v.* CLAYTON L. KLEIN

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 1—decided June 5, 1951

*Clayton L. Klein,* pro se, the appellant (defendant).

*Lawrence B. Brody,* for the appellee (plaintiff).

INGLIS, J. The assignments of error in this case are directed to an order dropping a defendant, to the rendering of judgment upon default against the named defendant, to the denial of his motion to open that judgment and to claimed errors in the charge to the jury on the hearing in damages.

The substitute complaint was in two counts. The first rested on a claim for compensation for repairs made upon the defendant's Lincoln automobile. The second alleged that the plaintiff loaned a Ford automobile to the defendant and that it was damaged while in his possession. The defendant entered his appearance pro se and filed an answer in which he denied the essential allegations of both counts of the complaint. By way of special defense, he alleged that the damage to the Ford car occurred in a collision caused by the negligence of the operator of a truck in the employ of M. S.

Alpert & Sons, Inc., and that in that collision the defendant sustained personal injuries. Upon his motion, M. S. Alpert & Sons, Inc., was cited in as a defendant, and the named defendant filed a cross complaint against it alleging the same matters as those set forth in his special defense.

M. S. Alpert & Sons, Inc., moved to be dropped from the action and this motion was granted. This ruling was correct. The authority for filing cross complaints in our practice is to be found in Practice Book, § 112. So far as relevant to the present case, that section reads as follows: "[C]ross-complaints of the nature of cross-bills in equity, touching matters in question in the original complaint, may be filed by the defendant in any action, whether such action be for legal or equitable relief, and additional parties summoned in to answer the same, if necessary." In *Puleo* v. *Goldberg*, 129 Conn. 34, 26 A. 2d 359, we stated the principles by which the propriety of a cross complaint is to be tested. We said (p. 37): "The test is whether the transactions [alleged in the complaint and the cross complaint, respectively] are distinct and independent or are connected in the sense that the claim under the cross-complaint is so related to that made in the complaint that consideration of the former is essential to a full adjudication of the parties' rights as to the latter." The cause of action alleged in the cross complaint was for the negligence of M. S. Alpert & Sons, Inc. The cause of action set up in the second count of the complaint was for the defendant's breach of the contract of bailment, which involved negligence on the part of the defendant only. The claimed negligence of M. S. Alpert & Sons, Inc., was something entirely distinct and apart from the claimed negligence of the defendant. The allegations of the cross complaint were not, in the the language of the rule, "touching matters in question in

the original complaint." A determination of these allegations was not essential to a full adjudication of the parties' rights under the complaint. Accordingly, the cross complaint was not properly filed.

More fundamental than that, however, is the fact that the statute specifies who may be made parties defendant. Section 7825 of the General Statutes provides: "Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party." As already pointed out, the controversy between the plaintiff and the defendant on the second count was concerned purely with the contract of bailment. As to that, M. S. Alpert & Sons, Inc., had no interest adverse to the plaintiff, nor was its presence in this action necessary for a full determination of any question involved therein. *State* v. *Wright*, 50 Conn. 580, was a suit on the bond of the treasurer of a board of county commissioners in which the surety on the bond sought to bring into the action the county commissioners so that, if a judgment was rendered against him, he might have judgment against them for their proportionate share of the damages. We said (p. 583): "The Practice Act does not permit a defendant to burden a cause and delay its progress to a conclusion by citing in parties whose legal relation is only to himself, and by raising for determination issues which can by no possibility affect the judgment to be rendered. The permission given to him to secure the presence of co-defendants rests not at all upon the ground that it is for his advantage, but solely upon the fact that in their absence it is impossible to render a judgment which may not be re-opened." Under the so-called third party practice which is provided by the federal rules of civil proced-

ure and exists in some other jurisdictions, the presence of M. S. Alpert & Sons, Inc., in the case to respond to such a cross complaint as that filed by the defendant would have been proper. That practice, however, does not obtain in this state and indeed is precluded by the provisions of § 7825 quoted above. Under our practice, M. S. Alpert & Sons, Inc., was not a proper party to the action.

We turn to a consideration of the claims of error connected with the entering of the default for failure to appear at the trial, the judgment upon default against the defendant and the denial of the motion to open that judgment. It appears from the finding that the case was assigned for trial on May 23, 1950. The defendant is an experienced trial lawyer. He had had due notice of the assignment. When the case was reached on May 24 he did not appear, nor did he communicate in any way with either the court or opposing counsel. The case had been on the jury trial list for over a year. It had been assigned for trial on eight previous occasions during March, April and May, 1950, but had gone over for reassignment each time because the defendant had failed to appear. On none of these occasions had the defendant taken the initiative in procuring a reassignment by communicating with the plaintiff's attorney or with the court. The parties are in agreement that on May 24 a default was entered against the defendant for failure to appear for trial. Although the entry of the default is not recited in the judgment file, the finding states that the defendant was defaulted, and we will treat the case as it has been presented, that is, on the assumption that the default did enter on that day. A hearing in damages to the jury was had immediately. The jury found for the plaintiff and fixed damages on each count of the complaint. Judgment was entered on the verdict. On

May 26, the defendant filed a motion to open the judgment. Upon the hearing on that motion it was found, in addition to the facts already stated, that on the day of the default the defendant was engaged in the trial of a case in Litchfield County. The motion to open the judgment was denied. Because some confusion on the subject seems to exist, we parenthetically point out that there is a clear distinction between a default, sometimes loosely referred to as a judgment of default, and a judgment upon default. A default is not a judgment. It is an order of the court the effect of which is to preclude the defendant from making any further defense in the case so far as liability is concerned. A judgment upon default, on the other hand, is the final judgment in the case which is entered after the default and after a hearing in damages.

Practice Book, § 68, provides that a party who fails to comply with an order of the court may be defaulted. The assignment of a case for trial is in essence an order of the court that the parties proceed to trial at the time set. The defendant's failure to appear for trial was a failure to comply with an order of court and was ample cause for defaulting him. *Barton* v. *Barton*, 123 Conn. 487, 489, 196 A. 141; *Schoonmaker* v. *Albertson & Douglass Machine Co.*, 51 Conn. 387, 393.

The statute which controls the opening of judgments entered after default is § 7963 of the General Statutes. It reads as follows: "Any judgment rendered or decree passed upon a default or nonsuit in the superior court, the court of common pleas or any municipal court may be set aside, within four months succeeding the date on which it was rendered or passed . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree,

and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same." An application to open a judgment upon default is, when not based on a pure error of law, addressed to the sound discretion of the court. *Jartman* v. *Pacific Fire Ins. Co.*, 69 Conn. 355, 362, 37 A. 970. For this discretion to be exercised in favor of the defaulted party, it must be shown that he was prevented from appearing by "mistake, accident or other reasonable cause." The judgment should not ordinarily be opened if his failure to appear or procure a continuance resulted from his own negligence. *Schoonmaker* v. *Albertson & Douglass Machine Co.*, supra, 392.

The defendant's excuse for not appearing was that he was engaged in trial elsewhere. We are cognizant of the custom which has grown up of adjourning the trial of a case if, when it is reached, counsel for any party is actually engaged in the trial of another case. Such an adjournment, however, is not a matter of right. It is a matter of courtesy — a courtesy extended by both opposing counsel and the court. Its exercise calls for the reciprocal courtesy on the part of the lawyer engaged elsewhere of at least communicating the fact of his engagement to both opposing counsel and the court in advance of the time set for the trial. Under ordinary circumstances, an attorney who fails so to advise of his inability to attend the trial thereby evinces a lack of proper respect for the court. If a default results from such failure, he has no ground for complaint. The default is the result of his own neglect. See *White's Appeal*, 75 Conn. 314, 319, 53 A. 582.

In this court the defendant makes the contention that the judgment should have been opened because it was improper for the court to proceed to a hearing in damages to the jury without notice to him. It doubtless is true that it would have been better practice to

proceed in the manner prescribed by Practice Book, § 193, for proceedings after the entry of a default by the clerk, without order of the court, for failure to enter an appearance; that is, by way of notice of the default to the defaulting party, with an opportunity to be heard at a short calendar session. We have said, however, in a case in which the circumstances were essentially the same as those of the present case: "No statute or rule of court prevents a trial court, when a case is regularly assigned for trial, the plaintiff appears with his witnesses and the defendant fails to appear, from proceeding forthwith to hear the case." *Barton* v. *Barton,* 123 Conn. 487, 489, 196 A. 141. It is true that, except as provided in §§ 7956-7958 of the General Statutes, which have no bearing on the present case, it has been the practice in this state to leave the assessment of damages after a default to the court rather than to the jury. *Lennon* v. *Rawitzer,* 57 Conn. 583, 584, 19 A. 334; *Seeley* v. *Bridgeport,* 53 Conn. 1, 2, 22 A. 1017; *Raymond* v. *Danbury & N. R. Co.,* 43 Conn. 596, 598. Here again, however, there is no statute or rule which under the circumstances of this case would preclude the use of the jury, and there is no indication that the defendant was prejudiced thereby. In any event, it does not appear from the record that, upon the hearing of the motion to open the judgment, the defendant made any claim that the method of procedure in connection with the hearing in damages offered any ground for the setting aside of the judgment. Whatever irregularities there may have been, therefore, can be of no avail to him in this court. Practice Book § 157. The denial of the motion to open the judgment was well within the discretion of the court.

The only remaining assignments of error which require notice are those addressed to the charge to the jury. The gist of these is that the court erred in failing

to instruct the jury that under the second count it was incumbent upon the plaintiff to show that the defendant negligently caused the damage to the plaintiff's car. The defendant cannot now raise this point. Practice Book § 156. Aside from that, upon a hearing in damages after default by the defendant, his liability is not in issue unless the proceedings are under §§ 7956 and 7957 of the General Statutes and notice of an intent to contest liability has been given. *Crane* v. *Eastern Transportation Line*, 48 Conn. 361, 364. The court charged the jury that they were not to be concerned with questions of the defendant's liability, and that charge was correct.

There is no error.

In this opinion the other judges concurred.