## MARY D. LUNDBORG *v.* JOSEPH SALVATORE

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued May 5—decided May 29, 1961

*William R. Moller,* with whom was *Robert M. Gaines,* for the appellant (defendant).

*William C. Galligan,* with whom, on the brief, was *Thomas H. Corrigan,* for the appellee (plaintiff).

BORDON, J. This is an action to recover damages from the owner of a truck for personal injuries alleged to have been caused by his negligence and that of the driver, an unknown person. Service of the writ, summons and complaint was made upon the defendant on April 16, 1959. The complaint alleged that the plaintiff was injured on April 21, 1958. The defendant delivered the complaint to his insurer on April 22, 1959. The action was returnable to the City Court of Hartford on the first Tuesday of May, 1959, which was May 5. The defendant's insurer did not deliver the file and complaint to its counsel until May 13, 1959.

On May 5, 1959, the return day, the plaintiff prepared a motion for default for failure of the defendant to appear, alleging that "[t]he time for filing of an appearance is long overdue." The motion was filed in court on May 7, 1959. It was granted on May 15, 1959, and simultaneously therewith a hearing in damages was held and judgment was rendered for the plaintiff.

On May 14, 1959, a motion to transfer the action

to the Court of Common Pleas was prepared by counsel for the defendant's insurer, and on May 18 an appearance was prepared. These were filed in court on May 19, four days after the judgment upon default had been rendered. On May 21, the defendant filed a motion to open and set aside the judgment upon default, and on May 28, the motion was denied. On June 8, the defendant appealed from the judgment upon default and from the denial of his motion to open it and set it aside. On June 15, he filed a request for a hearing in damages after default, claiming a right to such a hearing under §§ 52-220 and 52-221 of the General Statutes and §§ 181 to 189 of the Practice Book. In his request, the defendant alleged that he would deny, and offer evidence to disprove, negligence, and that he would also offer evidence to prove that his vehicle was being operated without his permission and, in fact, had been stolen by a person unknown.

The defendant, simultaneously with this request, again filed a motion to open the judgment upon default and set it aside, alleging in effect that he had been deprived of a lawful defense and that an appearance had been filed promptly upon counsel's receipt of the case after the return day. This motion was denied on January 12, 1960. The record discloses no action by the court on the defendant's request for a hearing in damages, although the finding states that it was denied.

The claims of law and assignments of error are many and varied, but the determinative questions are whether the court erred in rendering judgment upon default without allowing the defendant a hearing in damages and in refusing to open the judgment. There is, of course, no doubt that the court had authority to enter the default when the defend-

ant failed to appear on or before the second day after the return day of the writ. General Statutes § 52-84; Practice Book § 47. The court, in the exercise of its discretion, may, under Practice Book § 47, allow the filing of an appearance at any subsequent period.

The power of a court to open a judgment upon default is controlled by § 52-212 of the General Statutes, which provides that any judgment rendered upon default may be set aside within four months upon the complaint or written motion of any person "prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of the rendition of such judgment . . . and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same." Since the statute permits the opening of a judgment upon default if there is a showing of reasonable cause, the granting of a motion to open lies in the sound discretion of the court. *Jartman* v. *Pacific Fire Ins. Co.*, 69 Conn. 355, 362, 37 A. 970. Here, the motion to open assigned no reasonable cause and was properly denied. *Bellonio* v. *V. R. Thomas Mortgage Co.*, 111 Conn. 103, 105, 149 A. 218; *Barton* v. *Barton*, 123 Conn. 487, 490, 196 A. 141; *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 34, 82 A.2d 146.

Immediately after the entry of the default, the court proceeded to a hearing in damages. The default for failure to appear was permissible. Practice Book § 47; *Automotive Twins, Inc.* v. *Klein*, supra, 33; *Jacobson* v. *Robington*, 139 Conn. 532, 535, 95 A.2d 66. But the judgment for damages after entry of the default was not permissible. Notwithstanding the default, the defendant, after filing his tardy appearance, was entitled to a hearing in

damages in accordance with the provisions of General Statutes §§ 52-220 and 52-221 as implemented by §§ 181 to 188 of the Practice Book. Since this was a tort action, the defendant had seventy days after the return day to file his notice of defense as provided by § 181 of the Practice Book. Because the court allowed a hearing in damages immediately upon entering the default, this right was erroneously denied him. Furthermore, under § 121 of the Practice Book, hearings in damages on defaults are to be placed on the trial list and not on the short calendar list, particularly where, as was obviously the case here, damages could not be proved merely by affidavit, as they can, under Practice Book § 189, in a contract action.

There is error, the judgment is set aside and the case is remanded with direction to permit the defendant to file a notice of defense under §§ 181 to 188 of the Practice Book; a new trial is ordered limited to a hearing in damages.

In this opinion the other judges concurred.