GIOVANINNA S. TESTA *v.* CARROLLS HAMBURGER SYSTEM, INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 2—decided December 6, 1966

*Thomas C. Gerety,* with whom, on the brief, was *Leonard A. Schine,* for the appellant (defendant).

*Donald McPartland,* with whom, on the brief, was *J. Warren Upson,* for the appellee (plaintiff).

KING, C. J.  This is an appeal from a denial of the defendant's motion to open and set aside a default and a judgment subsequently rendered in favor of the plaintiff after a hearing in damages. The defendant agrees that its motion was filed pursuant to General Statutes § 52-212.[1]  A brief analysis of that statute and its requirements is desirable, if not essential, to a determination of this appeal.

Prior to the Revision of 1958, the statute con-

---

[1] "Sec. 52-212.  REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. Any judgment rendered or decree passed upon a default or nonsuit in the superior court, the court of common pleas or the circuit court may be set aside, within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same.  Such complaint shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the defense and shall particularly set forth the reason why the defendant failed to appear.  The court shall order reasonable notice of the pendency of such complaint to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such complaint."

sisted of two sections. The first section (Rev. 1949, § 7963) comprised all of what is now § 52-212 except for the last two sentences, and the second section (Rev. 1949, § 7964) comprised those last two sentences. The two sections formed, respectively, §§ 5649 and 5650 of the 1930 Revision, §§ 5780 and 5781 of the 1918 Revision, and §§ 748 and 749 of the 1902 Revision.

There has been but one material amendment in all this long period. This was accomplished by chapter 75 of the 1915 Public Acts. It amended the first section (Rev. 1902, § 748) in two respects. The first, immaterial to this appeal, was a change to four months in the limitation on the time in which action could be taken under the statute. The second change, which is material to this appeal, was the addition of the words "or written motion" after the word "complaint". Thus, the 1915 amendment added the right to invoke the statute by written motion as an alternative to proceeding by complaint. But no change was made in the second section. Rev. 1902, § 749. The requirements of the first section, as to the contents of the complaint or written motion, whichever was utilized, were left unchanged, as well as the procedural requirements imposed in the second section (Rev. 1902, § 749), which then, as now, included a verification by the complainant or his attorney, a statement "in general terms" of the nature of the defense, a statement which shall "particularly set forth the reason why the defendant failed to appear," and the giving of notice of the pendency of the proceeding to the adverse party.

The defendant claims that the failure of the 1915 amendment to insert the words "or written motion" after the word "complaint" in the second section indicates an intention that the requirements of that

section should apply only when a complaint, as distinguished from a written motion, is used. To accept such a construction of the 1915 amendment would allow persons seeking to open judgments after default to avoid the requirements of the second section by the simple expedient of utilizing a motion rather than a complaint. These requirements are clearly intended to confine the opening of default judgments to meritorious cases. They constitute a basic limitation on the opening of default judgments. They are not merely procedural requirements applicable only to complaints and inapplicable to motions. The history and evolution of the statute disclose no indication of a legislative intent to impose different standards on the availability of the statutory remedy dependent upon the manner in which the party invokes it. Furthermore, such a construction would be unreasonable and to state it is sufficient to demonstrate its lack of merit. The defendant escaped none of the requirements of the statute by choosing to proceed by written motion rather than by complaint.

In its application to relief from judgments rendered after a default for failure to appear, the statute in many ways is similar to General Statutes § 52-270, which regulates the granting of new trials and which was recently construed and applied in a somewhat similar situation in *Black* v. *Universal C. I. T. Credit Corporation,* 150 Conn. 188, 187 A.2d 243. Indeed, where § 52-212 is an appropriate remedy, as in the instant case, and is utilized, it is extremely doubtful whether the same basic issue can be relitigated in a proceeding under § 52-270. Id., 195; see also *Paiwich* v. *Krieswalis,* 97 Conn. 123, 126, 115 A. 720.

We now turn to the material facts of this case.

The plaintiff sued the defendant for damages for breach of a leasing contract. The writ was made returnable to the Superior Court on the first Tuesday of June, 1962. On September 8, 1962, the defendant duly appeared by attorney. The pleadings were closed and on November 21, 1962, the case was claimed for the trial list. The defendant's attorney, on January 16, 1964, moved to withdraw his appearance. This motion was successfully opposed by the plaintiff and was denied on February 21, 1964. On the same day, counsel for the defendant wrote the defendant informing it of his intention to withdraw and advising it to have other counsel enter an appearance forthwith to protect its interests. After this notice to the defendant, a second motion for permission to withdraw was filed by the defendant's counsel. This motion was granted on March 26, 1964, and on the same day his appearance was withdrawn. See Practice Book § 44. On June 5, 1964, the plaintiff secured a default against the defendant for failure to appear.[2] Not until more than ten months later, on April 30, 1965, after a hearing in damages, was judgment rendered against the defendant.[3] An execution against the defendant was returned unsatisfied on August 2, 1965. On August 12, 1965, the defendant's attorney again entered his appearance and filed the instant motion under § 52-212.

In this motion, the defendant's attorney stated that he originally withdrew his appearance because

---

[2] The effect of this default is explained in *Paiwich* v. *Krieswalis*, 97 Conn. 123, 125, 115 A. 720.

[3] The vital distinction between the entry of a default for failure to appear and the subsequent rendition of a judgment after a hearing in damages is set forth in *Paiwich* v. *Krieswalis*, 97 Conn. 123, 125, 115 A. 720, and in *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 33, 82 A.2d 146.

the defendant corporation was a wholly owned subsidiary of a named parent company and he had been informed that the parent company had filed in Illinois a petition under chapter 11 of the Bankruptcy Act, so that he had expected the defendant's assets to be "swallowed up" in the bankruptcy proceedings, leaving the defendant no funds to discharge its debts or to pay for the defense of the instant action. The motion continued with a statement that the attorney had since been informed that, because of "confusion attendant upon the bankruptcy proceedings", the defendant had failed to secure counsel; that he is now informed that the parent company has come out of the bankruptcy proceedings and that the defendant is now in a position to undertake the defense of the action; that he now believes a good defense exists in accordance with the pleadings as originally filed; and that he is now informed that this defense was not made because of the "confusion surrounding the bankruptcy proceedings" of the parent company.

It is obvious that as far as the motion itself was concerned there was a failure "particularly [to] set forth the reason why the defendant failed to appear" in such a form that it could be considered as pointing out that the defendant "was prevented by mistake, accident or other reasonable cause from appearing" to make the defense.

The statute is remedial, but it cannot be so construed as to authorize relief merely because a defendant in fact fails to obtain substitute counsel upon notice of a withdrawal of appearance by the original counsel of record. As already pointed out, the defendant was promptly notified of the withdrawal, and it was almost two months before a default was entered. Still the defendant did nothing.

Thereafter, nearly a year passed before the hearing in damages. By that time the plaintiff had been put to trouble and expense in attempting to give the defendant further notice of the default and to present her case in damages.

It is important to observe that this defendant knew all about this suit and was warned by its own counsel of record of the necessity of procuring substitute counsel. The defendant makes no denial of the notice of the withdrawal and merely states, without further explanation, that it did nothing because of confusion resulting from a parent corporation's bankruptcy reorganization. No reason for such confusion is stated. None was given the court by counsel. Only after an execution had been returned unsatisfied did the defendant bestir itself.

The granting of relief under General Statutes § 52-212, when its provisions are properly complied with, lies within the sound discretion of the trial court. But the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute. *Lundborg* v. *Salvatore*, 148 Conn. 435, 438, 171 A.2d 400; *Gryskiewicz* v. *Morgan*, 147 Conn. 260, 261, 159 A.2d 163; *Paiwich* v. *Krieswalis*, 97 Conn. 123, 125, 115 A. 720. Such relief ordinarily should not be granted if the failure to appear resulted from the moving party's own negligence. *Jacobson* v. *Robington*, 139 Conn. 532, 536, 95 A.2d 66; *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 34, 82 A.2d 146.

The court was not in error in concluding, as it obviously did, that the verified motion was on its face inadequate to establish a right to relief under General Statutes § 52-212. It is unnecessary to consider whether the failure of the motion to set

forth any material facts except "on information and belief" made it inadequate as a matter of law on that ground also.

Although this determination is dispositive of the appeal adversely to the appellant, we briefly discuss one final claim, which was, in fact, the only claim raised by the defendant in its main brief, that is, that it was not granted a fair hearing by the court on the motion. The appendix does not support this statement. The defendant's counsel at the hearing on the motion did not tell the court, nor did the defendant claim in its brief, that there were any additional facts, to say nothing of any evidence of any such facts, regarding the crucial claim that the defendant's failure to procure substitute counsel was due to "confusion" resulting from another corporation's bankruptcy reorganization. At one point, the court directly asked counsel what he had to say in addition to the facts set forth in the motion. This question was never directly answered. Thereafter the court again asked counsel why the defendant had not retained substitute counsel. Counsel then started to reiterate the claim of "confusion" resulting from the parent corporation's bankruptcy proceedings. There was no occasion for the court to listen to a reiteration of that claim, and the court was not in error in then denying the motion. What was needed, if it is assumed that the affidavit itself was sufficient, was an explanation, which was never forthcoming, as to how that "confusion" could or did amount to a reason, adequate under the statute, for the granting of the relief sought. No attempt was ever made, either in the trial court or even in this court, to furnish that explanation.

There is no error.

In this opinion the other judges concurred.