THE NEW ENGLAND FLOOR COVERING COMPANY, INC. *v.* ARCHITECTURAL INTERIORS, INC., ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 8—decided May 6, 1970

*Gerald F. Stevens,* for the appellant (defendant Dallachie).

*Richard M. Feingold,* for the appellee (plaintiff).

RYAN, J. This is an action in two counts brought by the plaintiff The New England Floor Covering Company, Inc., against Architectural Interiors, Inc., and against the defendants Charles E. Dallachie, Louis Percoco and Esther Percoco individually. The defendants Dallachie and Esther Percoco are officers and directors of the defendant corporation, and the defendant Louis Percoco is a director. The first count of the complaint is addressed to the corporate defendant seeking recovery of the balance due on a contract for goods sold and delivered and damages for breach of contract and fraud by the defendant corporation. The second count of the complaint is directed against the defendants Charles E. Dallachie, Louis Percoco and Esther Percoco in their individual capacities. It contains all the allegations of the first count and alleges fraud and misappropriation of funds by those defendants to their own use in violation of the contract with the plain-

tiff. All the defendants appeared by counsel. On July 26, 1968, counsel for all defendants was permitted to withdraw his appearance from the case. On October 17, 1968, the defendants Charles E. Dallachie and Louis Percoco entered pro se appearances and also, as principal stockholders of the corporate defendant, entered their appearances for that defendant. The parties concede that neither Dallachie nor Louis Percoco was a member of the Connecticut bar. On October 23, 1968, the appearances of Dallachie and Louis Percoco for the corporate defendant were expunged by the court, and the defendant Esther Percoco was defaulted for failure to appear. The case was assigned for trial on October 29, 1968, but the defendants were not present and the case was continued by the court. On November 8, 1968, the court defaulted the defendant corporation for failure to appear. The case was again assigned for trial on February 27, 1969, at which time the plaintiff appeared, but the defendants Dallachie and Louis Percoco failed to appear to defend the action. The court defaulted those defendants for failure to appear and thereupon proceeded to assess damages due the plaintiff. Judgment was rendered for the plaintiff to recover of the defendants the sum of $8816.84 and its costs.

On March 13, 1969, the defendant Dallachie moved to open the judgment. On March 19, 1969, he filed notice as to a hearing in damages as provided in Practice Book §§ 289–294. The motion to open the judgment was denied by the court on March 28, 1969. From this decision the defendant Dallachie has appealed to this court. He assigns error in the action of the trial court in allowing a hearing in damages immediately upon entering a default against him. He urges that the court's action denied him his right

to a hearing in damages in accordance with the provisions of §§ 52-220 and 52-221 of the General Statutes and Practice Book §§ 287–296; that he had the right, as provided in Practice Book § 290, to file a notice of defense within ten days from the entry of the default; and that the court's action in immediately holding a hearing in damages denied him this right.

In reliance upon *Lundborg* v. *Salvatore*, 148 Conn. 435, 171 A.2d 400, the defendant Dallachie claims that the action of the court constituted reversible error. In that case a motion for default against the defendant for failure to appear was granted at a short calendar session which took place ten days after the return day of the action. Immediately after the entry of the default, the court proceeded to a hearing in damages and rendered judgment for the plaintiff. The *Lundborg* case was decided in 1961, at which time, under the provisions of § 181 of the 1951 Practice Book, the defendant, since the action sounded in tort, had seventy days after the return day to file his notice of defense. We held that, because the trial court allowed a hearing in damages immediately after entry of the default, the defendant was denied his right to file a notice of defense and his right to a hearing in damages. We held also that under § 121 of the 1951 Practice Book (now § 192 of the 1963 Practice Book) hearings in damages were to be placed on the trial list and not on the short calendar list.

In the instant case the issues had been closed and the case had been on the trial list for a considerable period of time and had been regularly assigned for trial. It is conceded that the defendant Dallachie had received notice of this assignment for trial. "If the defendant defaults *at the trial of the action,*

the court may proceed forthwith to an assessment of damages, allowing the plaintiff to present evidence on damages, and submitting the matter to the jury, if it be a jury case. This may be done without notice to the defendant . . . . If the defendant defaults *at any other point,* the case must be claimed for the trial list, court or jury, and it is a privileged matter, if claimed to the court.[1] The privilege is granted to encourage trial of the hearing to the court rather than to the jury. The defendant is entitled to notice of the granting of a default against him[2] . . . . This affords him the opportunity to give notice of any defenses which he may wish to assert at the hearing in damages[3] [emphasis added]." Stephenson, Conn. Civ. Proc. § 130 (d). The *Lundborg* case, supra, has not changed the law as to hearings in damages after defaults at the trial. See Stephenson, op. cit. § 130 (d) (Sup. 1966).

Practice Book § 280 provides that a party who fails to comply with an order of court may be defaulted. "The assignment of a case for trial is in essence an order of the court that the parties proceed to trial at the time set. The defendant's failure to appear for trial was a failure to comply with an order of court and was ample cause for defaulting him. *Barton* v. *Barton,* 123 Conn. 487, 489, 196 A. 141; *Schoonmaker* v. *Albertson & Douglass Machine Co.,* 51 Conn. 387, 393." *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146. When a case is regularly assigned for trial, the plaintiff appears with his witnesses, and the defendant fails to appear, no statute or rule of court prevents a trial court from proceeding forthwith to hear the case.

---

[1] Practice Book § 213.

[2] Practice Book § 291.

[3] Practice Book §§ 292, 293.

*Automotive Twins, Inc.* v. *Klein,* supra, 35; *Barton* v. *Barton,* supra. Prior to the default and the judgment rendered on February 27, 1969, the instant case previously had been assigned for trial in June, 1968, on October 17, 1968, and on October 29, 1968. The action of the trial court in proceeding to hear the case was entirely justified. This result was brought about by the persistence of the defendant Dallachie in attempting to represent himself and the defendant corporation after the withdrawal of counsel, and by his own disregard of the order of the court.

On March 7, 1969, the defendant Dallachie consulted counsel, who entered an appearance for him and moved, on March 13, 1969, to open the judgment in pursuance of the provisions of Practice Book § 286 and General Statutes § 52-212. The defendant Dallachie alleged that he had a good defense and that he was prevented from appearing at the trial because of mistake, in that he believed that since the debt sued on was a corporate one he could not be held liable for it, and in that his appearance was not necessary because he was under the impression that the case was being handled by the defendant Louis Percoco. The denial of this motion by the trial court is assigned as error by the defendant Dallachie, who urges that it constituted an abuse of discretion upon the part of the court.

The orderly administration of justice requires that the court, in passing upon a motion to open the judgment, deny relief unless the moving party alleges and shows reasonable ground for relief under the rule of court and the statute. *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 300, 224 A.2d 739. Action on the motion rests in the sound discretion of the court. *Munch* v. *Willa-*

*metz,* 156 Conn. 6, 9, 238 A.2d 424. In order to determine whether the court abused its discretion, we must look to the conclusions of fact upon which the trial court predicated its ruling. No finding, however, was requested by the defendant Dallachie, and none was made. See Practice Book § 613. Since there is no finding, that defendant, on this record, has shown no cause why the motion to open the judgment should have been granted. He has failed to establish any error in the denial of the motion. *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261, 159 A.2d 163; *Stanley* v. *Hartford,* 140 Conn. 643, 649, 103 A.2d 147.

There is no error.

In this opinion the other judges concurred.