JOSEPH FINELLI v. VICTOR PALUZZI ET AL.

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 6-6612-28016

Argued May 1—decided July 19, 1973

*Francis X. Dineen,* of New Haven, for the appellants (defendants).

*Roslyn Z. P. Montlick,* of New Haven, for the appellee (plaintiff).

CIANO, J.  On March 29, 1963, the Second National Bank of New Haven loaned moneys to the defendants, who executed a note payable in monthly instalments.  The plaintiff signed the note as a comaker.  It was alleged that the plaintiff, on default of monthly payments by the defendants, made payment of the balance due as of February 5, 1964, to the Second National Bank.

The plaintiff sought recovery of the sums paid together with his costs and attorneys' fees.  The writ was returnable to the Circuit Court on the first Tuesday of December, 1966.  After various pleadings, the action was on the trial list in May, 1967.  In July, 1971, the action was listed on the special dormant list and assigned for trial on August 17, 1971.  On August 17, 1971, both counsel consented with the court that the matter be set down as a final assignment for trial for October 7, 1971.  On October 7, 1971, the plaintiff appeared with his witnesses and, the defendants not appearing, obtained a default, and the court proceeded on a hearing in damages.  Judgment was rendered for the plaintiff to recover the sums expended by him as comaker together with costs and attorneys' fees.  On October 18, 1971, the defendants filed a motion to open the judgment which was denied by the court on November 1, 1971.  From this denial the defendants have appealed to this

court, claiming that the Circuit Court erred as a matter of law and in abuse of its discretion in refusing to open the judgment.

The defendants in their brief claim that their failure to appear on October 7, 1971, for trial was due to their reliance on assurances of an assistant clerk of the Circuit Court advising counsel that the matter was reassigned for a hearing on October 26, 1971.

The action had been specially assigned for trial on October 7, 1971, pursuant to an order of the court, and under this situation, with the plaintiff present with his witnesses, the court had no alternative but to proceed to a default and hearing in accordance with the rules of practice. Practice Book § 280; General Statutes § 52-212.

In view of the defendants' own negligence in relying on the advice of the assistant clerk's statement, in disregard of a court order, the defendants' motion to open should not be granted, and the court did not abuse its discretion since no reasonable cause for relief was shown by the defendants. *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 300; *Carrington* v. *Muhlfeld,* 122 Conn. 334, 337; *Schoonmaker* v. *Albertson & Douglass Machine Co.,* 51 Conn. 387, 392.

The failure of the defendants to comply with the court's order was cause for entering a default and proceeding forthwith to a hearing in damages. *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 355. The defendants' failure to appear for trial was a failure to comply with a court order. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 35; *Barton* v. *Barton,* 123 Conn. 487, 489.

The defendants have failed to present facts showing reasonable cause for not complying with the court order apart from their own negligence. The court was correct in its ruling and did not abuse its discretion in denying the motion to open the default judgment. *Jaquith* v. *Revson,* 159 Conn. 427, 431.

There is no error.

In this opinion HAMILL and SPONZO, Js., concurred.