## NELSON SHERWOOD *vs.* JOSEPH HAIGHT AND ANOTHER.

It is a well settled principle that a person indebted to another on different accounts, may, in making a payment, determine absolutely to which account it shall be applied, by directing at the time as to such application.

A defendant, by suffering a default, admits at most that something is due from him in that suit to the plaintiff, but does not thereby admit any particular amount to be so due.

Therefore, where A had an account against B, and another against B and C jointly, and B paid him a certain sum to be applied upon the debt of B and C, but A applied it in fact upon the other debt, and afterwards, in a suit against B upon the former debt obtained judgment against him by default, and took his judgment for the actual amount of the former debt less the amount of said payment, and afterwards brought a suit against B and C upon the latter debt,—it was held that the judgment so obtained by default against B was not admissible in the latter suit as evidence against either B or C of a waiver on the part of either of them of his original right to have the payment applied upon the latter debt; and that, notwithstanding the manner in which the judgment had been taken, the payment must still be applied upon the latter debt.

ACTION of book debt, referred to auditors. On a remonstrance of the plaintiff against the acceptance of the auditors' report, the court found the following facts.

From the 28th day of February, to the 24th day of June, 1854, the defendants were partners under the name of Redfield & Haight. During this period the plaintiff sold them certain goods. On the 24th of June, 1854, Haight sold his interest in the partnership business to Redfield, and on the 8th day of August, 1854, Redfield sold out the whole concern to Haight, who thereafter conducted the business alone. While Haight was thus conducting the business alone, the plaintiff sold to him certain other goods. This suit was brought to recover payment for the goods sold before the dissolution of the partnership, to Redfield & Haight. Redfield suffered a default, and the whole defence was made by Haight alone.

On the trial before the auditors, Haight offered evidence to prove, and the auditors found the fact, that, when he bought the concern from Redfield, it was agreed between Redfield & Haight and the plaintiff, that all the money

which Haight should pay to the plaintiff thereafter, should be applied by the plaintiff in payment of the debt due from Redfield & Haight, until that debt should be fully paid, and that, in pursuance of that agreement, Haight collected from the old concern of Redfield & Haight the sum of $804.72, and delivered the same to the plaintiff to be by him applied on that debt.   The plaintiff however, instead of thus applying the money, applied it in part payment of his account against Haight for the goods sold, after the dissolution of the partnership, to him alone.   The plaintiff afterwards brought a suit against Haight in New York, for the recovery of the balance which, after the $804.72 had been so credited to him, remained due from him alone.   Haight appeared and pleaded to that suit, but afterwards suffered a default, and the plaintiff took judgment against him for that balance. Upon these facts the auditors allowed the defendants credit for said sum of $804.72.   For this cause the plaintiff remonstrated against the acceptance of their report, but the court accepted the report and rendered judgment accordingly, for the plaintiff to recover the balance found due to him after the allowance of the $804.72 as a credit to the defendants.

To reverse the decision of the superior court upon this point, the plaintiff brought the record before this court by a motion in error.

*Hawley*, for the plaintiff.

1. The record of the New York supreme court was admissible, and indeed conclusive, for the purpose of showing that the $804.72 had already been appropriated to Haight's benefit.   Haight is the only real defendant in this case, the whole assets of the former firm being his, and its debts also his by his assumption of them.

2. Whatever may have been the original agreement as to the application, yet the fact that the same sum has already been appropriated to another debt due from him to the same plaintiff, in a suit in which he, Haight, was a party, and in which he appeared and pleaded and suffered this judgment against him, precludes him from claiming another appropria-

tion of the same sum to another debt due from him to the same plaintiff, thereby gaining to himself $804.72, at the expense of his creditor, who remedilessly loses it. It is equivalent to his waiver of the first agreement (if any such was made) and his assent to the appropriation actually made. *Ravee* v. *Farmer*, 4 T. R., 146. *Seddon* v. *Tutop*, 6 id., 607. *Bridge* v. *Gray*, 14 Pick., 55. *Webster* v. *Lee*, 5 Mass., 334. *Bradford* v. *Bradford*, 5 Conn., 27. *Betts* v. *Starr*, id., 550. *Goddard* v. *Selden*, 7 id., 515.

*Ferris* and *Minor*, for the defendants.

1. There is but one question in the case :—did the court err in allowing to the defendants said sum of $804.72. Unless the judgment rendered in New York against Haight, one of the defendants in this suit, is conclusive evidence of an assent of the defendants to the application of that sum made by the plaintiff, the allowance of it in this suit was correct.

2. That judgment is not conclusive, nor even admissible. 1st. Because the parties are not the same. 1 Greenl. Ev., § 522. *Dennison* v. *Hyde*, 6 Conn., 508. Redfield's default in the present suit can not affect the case. The question is who are the parties on the record. 2nd. Because the issue is not the same. It must appear by the record, to give it the conclusive effect claimed, that the same precise point was in issue and was decided. 1 Greenl. Ev., § 528. *Ryer* v. *Atwater*, 4 Day, 431. *Smith* v. *Sherwood*, 4 Conn., 276. *Abbe* v. *Goodwin*, 7 id., 377.

Storrs, C. J. The only question in this case is, whether the auditors were correct in crediting to the defendants the payment of $804.72 made by one of them, (Haight,) to the plaintiff.

But for the effect of the proceedings in the supreme court of New York, in the suit in favor of the plaintiff against that defendant, it would not admit of a doubt that that credit was properly allowed. It was found by the auditors that it was agreed between the plaintiff and defendants in this suit, that all the money which Haight should pay to the plaintiff

thereafter, should be applied by the latter in payment of the debt for which the present suit was brought, until it should be fully paid and discharged, and that subsequently, in pursuance of that agreement, the amount so credited was delivered by Haight to the plaintiff, to be by him applied on that debt. Under those circumstances the law would, on the most obvious principles, apply that payment in reduction of that debt. But if there had been no such agreement, the same application of it should have been made in this case, because when the payment was made by Haight, he had a right to determine whether it should be applied to that or the other debt due by him to the plaintiff, and the auditors found that he delivered the money to the plaintiff to be by him applied on the former. The well settled rule therefore fully applies, that a person indebted to another on different accounts or demands, making a payment, may apply that payment to whichever of the demands he pleases, provided he declares at the time of payment the purpose for which it is made. See *Baker* v. *Stackpoole*, 9 Cow., 420, *Pattison* v. *Hull*, id., 747, and cases there cited.

We come then to consider the effect of the proceedings in the suit in New York. The plaintiff, before the auditors, proved, that before the commencement of the present suit, he brought a suit against the defendant Haight, in that state, for the recovery of a private debt due to him by the latter which accrued subsequently to that on which the present suit is brought, in which he recovered judgment by default against Haight for the balance of that private debt, after deducting the payment of $804.72 which was credited to the defendants in the present suit; and he claims that, as the amount of that payment was thus deducted in that suit, it ought not to have been credited to the defendants by the auditors in this. Against Redfield, one of the present defendants, as he was not a party to the suit in New York, the record of the judgment there was evidence only of the fact of the recovery against Haight in that suit. It was not admissible to prove that the amount deducted in that case was originally paid to apply on the debt to recover which that suit was brought.

Nor, if the admissions of Haight were admissible to show that it was paid on that account, would that judgment constitute any evidence, in the nature of such an admission, because it was rendered only by default, which is at most evidence, even against a defendant suffering it, that something is due to the plaintiff, but not of the particular amount. Nor, if it were competent for Haight to waive the agreement under which the payment in question was made and to assent to the appropriation made by the plaintiff, so as to affect Redfield, was that record any evidence of such waiver or assent. That appropriation was the sole act of the plaintiff, and was presumably made without the knowledge of Haight, as it was made after he had ceased to appear in the suit. A question of waiver, moreover, is one of fact, of which the plaintiff has had the benefit before the auditors, if any such point was raised by him. The only question then is, whether the plaintiff could deprive the present defendants of the benefit of a payment made by them expressly on the debt now in question in this suit, in pursuance of an agreement between the parties that it should be applied thereon, by voluntarily deducting, without the assent of those defendants, or either of them, the amount of that payment from another debt for which he had brought a suit, and in which he had taken judgment only for the balance. It requires no argument to show that he could not.

There is, therefore, no error in the judgment complained of.

In this opinion the other judges concurred.

Judgment affirmed.