CARMINE ESPOSITO *v.* PINECREST COUNTRY CLUB, INC., ET AL.

SUPERIOR COURT    FAIRFIELD COUNTY AT STAMFORD    FILE NO. 4929

Memorandum filed October 17, 1962

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the plaintiff.

*Finkelstone, Finkelstone & Levy,* of Bridgeport, for the defendant.

SHAPIRO, J.   At the outset, it should be pointed out that on September 14, 1962, the court entered a default for failure to appear and not a judgment

upon default. There is a clear distinction between a default, sometimes loosely referred to as a judgment of default, and a judgment upon default. A default is not a judgment. It is an interlocutory order of the court, the effect of which is to preclude the defendant from making any further defense in the case so far as liability is concerned. A judgment upon default, on the other hand, is the final judgment in the case which is entered after the default and after a hearing in damages. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33; *Sherwood* v. *Haight,* 26 Conn. 432, 436.

This is a negligence action, and service of the writ was made upon the defendant corporation by attachment of real estate on June 7, 1962, and on the same day by leaving a copy of the writ, summons and complaint with the president of the corporation. The action, while returnable to this court on the first Tuesday of July, 1962, was filed with the clerk on June 14, 1962. On July 9, 1962, the plaintiff filed a motion for default for failure to appear. As of September 14, 1962, no appearance had been entered for the defendants, and on that day a default against them was entered. On September 25, 1962, an appearance was entered for the defendants, and on October 5, 1962, the instant motion was filed, to which the plaintiff objects most strenuously. In their arguments, both counsel point to § 52-212 of the General Statutes. The defendants have filed various affidavits pursuant thereto, and the plaintiff cites *Lundborg* v. *Salvatore,* 148 Conn. 435, as authority to prevent the opening of the default.

A default is the correlative of the nonsuit. It is generally allowable against the defendant under the circumstances when a nonsuit would be allowed against the plaintiff, as for failure to enter an appearance on or before the opening of court on the day following the return day. General Statutes

§ 52-84; Practice Book § 47. The plaintiff must file a motion for a default, and the default will be granted after a hearing, the award being discretionary. Practice Book § 47; *Automotive Twins, Inc.* v. *Klein,* supra. There is no requirement that the plaintiff give advance notice of intent to file the motion, but such notice is common courtesy if the name of the defendant's attorney is known. The default itself is thus a preliminary or interlocutory order. Until a judgment has been rendered there is nothing on which execution can issue or an appeal be taken.

Under our rules of practice, a motion to set aside a default where no judgment has been rendered may be granted by the court upon such terms as it may impose. Practice Book § 64. Such a motion, therefore, may be filed at any time before the entry of judgment, may be informal in nature, and may be granted for such reason as the court sees fit. Stephenson, Conn. Civil Procedure, p. 268.

In the *Lundborg* case, supra, cited by the parties and stressed by the plaintiff, immediately after the entry of the default for failure to appear, the trial court proceeded to a hearing in damages. The Supreme Court held (p. 438) that the default for failure to appear was permissible, but that the judgment for damages after the entry of the default was not permissible, and that the court's power to open "a judgment upon default" is controlled by § 52-212 of the General Statutes. It also held that the court, in the exercise of its discretion, may, under Practice Book § 47, allow the filing of an appearance at any subsequent period.

In summary, we are not dealing with a judgment upon default but only with a default for failure to appear. In their arguments, counsel pointed to some communication between plaintiff's attorney

and the New York attorney, J. Roger Lane, acting in the interests of the defendants. There is a dispute as to whether or not this New York attorney acted in a timely and diligent fashion. Obviously, over the summer months, there was a hiatus between this earlier contact and September 17, 1962, when Lane was notified by plaintiff's counsel that a default had been obtained. Thereafter, counsel of record appeared for the defendants. They sent a stipulation to plaintiff's counsel seeking to open the default, and when this was not returned they called by telephone and were told that no such agreement would be forthcoming. Thereupon, the instant motion was filed. In addition, the issue of workmen's compensation may properly belong in the case, and the carrier should have an opportunity to enter the case and participate in all necessary phases of it. Furthermore, the defendants claim to have a good and valid defense to this action as relates to the issue of negligence. The ad damnum in the complaint claims $30,000. A great injustice would result by preventing the defendants from having the full protection of our law as to a full trial on all the issues involved. The plaintiff would not be prejudiced in any manner by the opening of the default. There is reasonable cause to justify the late filing of an appearance, under the facts and the law.

Accordingly, the motion to open the default is granted.