[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN DEFAULT AND STRIKE FROMTHE HEARINGS IN DAMAGES LIST.
This case is before the court on the above captioned motions.
A review of the file reveals that this case has a long and arduous history.
The complaint alleges that the plaintiffs, Oddie Lindsey and Betty Randolph were passengers in a car being operated by one, William Bailey. On January 30, 1992 Bailey's car was involved in a collision with a car being driven by one Zhen Dong, at the intersection of Barnum Avenue and Hallett Street in the City of Bridgeport.
The complaint is brought against the City of Bridgeport claiming negligence because of a detective and dangerous highway.
On June 7, 1994 the plaintiffs filed a motion for default against the City for failure to plead which was granted, and, thereafter, a claim for a hearing in damages was filed. At the hearing in damages counsel for the defendant city, Robert Zanesky, raised the issue of sole proximate cause (required to allow a recovery against a municipality in defective highway cases) as a defense to the plaintiff's claim. Judge Hauser recessed the hearing asking counsel to brief the issue of whether the defense of sole proximate could be raised by defaulted parties during a hearing in damages. Judge Hauser held that this issue could not be raised and further ordered the plaintiff to reclaim the hearing in damages. Such was reclaimed December 30, 1994. CT Page 3811
The file next reveals that plaintiffs' attorney under date of March 6, 1995, wrote to Judge Hauser that because of Attorney Zanesky's illness, he was unable to go forward at a scheduled time, and requested a date to complete the matter.
On April 21, 1995, Attorney Zanesky filed a motion to reopen the default granted on June 7, 1994, and this motion was denied by Judge Gormley, June 13, 1995. This court can only conclude that Judge Gormley denied the motion because of plaintiff counsel's argument that under Connecticut General Statutes §52-212, a judgment of default may not be reopened unless the motion to reopen is filed within four months. This court must observe that Connecticut General Statutes § 52-212 does not apply to this situation since there had never been a judgment of default entered.
The file next reveals that on August 16, 1995, plaintiffs' counsel filed another claim for a hearing in damages after default. The file reveals no further action on the case until February 13, 1997, and later on March 4, 1997, when plaintiffs' counsel requested continuances because of personal matters. Later, on April 9, 1997, plaintiffs counsel filed a motion for extension of time to comply with defendant's request for discovery. At this time Arthur Laske III was representing the defendant city, and the court learned that Attorney Zanesky was forced to retire because of diabetes, a stroke and heart surgery.
The file reveals nothing further until November 25, 1997, when apparently, simultaneously, the defendant filed an answer despite the default of June 7, 1994, and the plaintiffs filed a pre-trial memorandum of law in which paragraph 12 alleges that Judge Hauser ordered a mistrial.
On December 22, 1997, the motion which is presently before the court followed.
Throughout this case, there appears to be, at least to this court, an unwillingness or at least a reluctance to apply the distinguishing consequences that flow between a default and a judgment of default. There is no question that pursuant to Connecticut General Statutes § 52-212, there is a limitation of four months on the time allowed to move to reopen a default judgment, unless it can be shown that a good defense in whole are in part existed at the time of the rendition of the judgment and that the defendant was prevented by mistake, accident or other CT Page 3812 reasonable cause from making such defense.
There is no such limitation in the case of a simple default. "Under our rules of practice a motion to set aside a default where no judgment has been rendered may be granted by the court upon such terms as it may impose." Esposito v. Pinecrest CountryClub, Inc., 24 Conn. Sup. 81, 83. "Such a motion therefore may be filed at any time before the entry of judgment, maybe informal in nature, and may be granted for such reason as the court sees fit", Esposito, supra at pg. 83.
In this case, no motion for judgment upon default was filed, although the plaintiffs' counsel had some nine months from the time the default was entered to do so, before the first motion to reopen was filed on April, 1995. While it is true that a motion to claim the case for the hearing in damages list was filed, this does not prevent the court from reopening under Practice Book § 363a.
The file further reveals that two additional claims for hearing in damages were filed, December 30, 1994 and August 16, 1995. Other than numerous requests for continuances filed by plaintiffs' counsel, the file reveals no further action until November 25, 1997 when the defendant filed an answer and, subsequently, on December 22, 1997 when the present motions were filed.
This court finds that to deny the present motions and force the city to go forward under default when it claims what appear to be valid defenses against the imposition of the defective highway statute, would not be in the interest of justice. While it is true that it took an inordinate amount of time for the city to awaken to its defensive obligations in this case, the court must appreciate the serious medical problems of the attorney who had been handling the case. It must also recognize that much of the delay in this case was occasioned by plaintiffs' counsel in not perfecting his default by moving for judgment.
The court finds that it would be an injustice to deny the defendant to proceed to a trial on the merits.
In ordering the default to be set aside and stricken from the hearings in damages list, the court will make itself available to the parties to respond to the plaintiff counsel's written request of December 30, 1997 for a continuance so that discovery be CT Page 3813 available to him, and discussions for arrangements for trial to be held.
The motions to set aside the default and strike from the hearing in damages list are granted.
BELINKIE JUDGE TRIAL REFEREE