ALBERT A. PELLETIER *v.* WILLIE J. PARADIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 17-641-2238

Argued September 14—decided December 23, 1966

*M. Paul Mikolitch,* of Bristol, for the appellant (plaintiff).

*Maurice W. Rosenberg,* of New Britain, for the appellee (defendant).

ARMENTANO, J. In his assignment of errors, the plaintiff claims that the court erred in opening the judgment on default and in denying his motion to set aside the jury verdict. Error is not assigned or claimed in the course of the trial to the jury but is directed solely to the granting of the motion to open the judgment. The granting of a motion to

open a judgment is an interlocutory ruling reviewable upon appeal from the final judgment. *Ostroski* v. *Ostroski,* 135 Conn. 509, 511.

In the instant case, we have nothing before us but the record to review the action of the court.

The power of a court to open a judgment on default is controlled by § 52-212 of the General Statutes, which provides for the opening of judgment on default "upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good defense in whole or in part existed at the time of the rendition of such judgment . . . and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same. Such complaint shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the defense and shall particularly set forth the reason why the defendant failed to appear."

Whether a court should open the judgment is a matter resting in its discretion, and unless the discretion is abused or an error of law is involved, the appellate court will not reverse the action of the trial court. *Jacobson* v. *Robington,* 139 Conn. 532, 536; *Barton* v. *Barton,* 123 Conn. 487, 491; *Carrington* v. *Muhlfeld,* 122 Conn. 334, 337. "A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its action in the matter whether of allowance or refusal, will not generally be disturbed by the appellate court, unless there has been a manifest abuse of such discretion." 1 Black, Judgments (2d Ed.) § 354, p. 553; *Jartman* v. *Pacific Fire Ins. Co.,* 69 Conn. 355, 362. For this discretion to be exercised in favor of the defaulted party, it

must appear that he was prevented from appearing by mistake, accident or reasonable cause; if his failure to appear resulted from his own negligence, the judgment should not be opened. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33. Further, the court's discretion must be exercised within the limits or framework of § 52-212.

In the case before us, the action was instituted on January 2, 1964, and was made returnable to the Circuit Court on the fourth Tuesday of January, 1964. Service of the writ, summons and complaint was made on the defendant on January 10, 1964, by "leaving a true and attested copy with and in the hands of the defendant, Willie J. Paradis." A default for failure to appear was granted on March 16, 1964; on May 4, 1964, a hearing in damages was held; and on May 7, 1964, judgment on the default was rendered for the plaintiff for $1500 plus taxable costs. On June 1, 1964, the defendant filed a motion, verified by oath, to open the judgment. In his motion, he claimed that a good defense in whole existed at the time of the rendition of the judgment and that he was prevented by mistake from appearing to make that defense. The defense was self-defense and the one-year Statute of Limitations. The defendant further alleged in his motion that his failure to appear was caused by the fact that he had discussed the matter with his attorney and was advised that, inasmuch as more than one year had expired, the plaintiff had no legal claim against him. The defendant further alleged that on February 4, 1963, he received a letter from the plaintiff's attorney giving notice of the claim and that on February 11, 1963, the defendant's attorney advised the plaintiff that the defendant disclaimed any responsibility because he was acting in self-defense and the defendant's attorney would be glad to discuss the matter with the plaintiff's attorney. Noth-

ing was heard from the plaintiff until the defendant was personally served with the writ on January 10, 1964.

At the hearing on the defendant's motion, held on June 22, 1964, his attorney, supplementing the motion, said that the defendant, on receipt of the writ, met his attorney on the street and handed him the writ, and that because of the writ's being handed to him on the street the attorney did not take proper notice, no appearance was filed with the court, and the writ, summons and complaint were forgotten. Upon hearing the motion, the court found that cause did exist, and the motion to open the judgment was granted.

The issue dispositive of this appeal is whether the court, in granting the motion, exercised sound discretion within the limits and framework of § 52-212.

"A party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his important business. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent failure to take the proceedings required for his protection." 1 Freeman, Judgments (5th Ed.) § 243; *Engler Instrument Co.* v. *Design Productioneering Corporation,* 3 Conn. Cir. Ct. 393, 396. The defendant's failure to appear and defend was due to negligence or inattention or both. "The mere negligence or inattention of a party is no ground for vacating a judgment against him." 1 Freeman, op. cit. § 242.

The court's conclusion that cause existed for granting the defendant's motion to open the judgment was not warranted by the particular facts. The defendant's failure to appear and assert his defense of self-defense was not due to any mistake,

accident or other reasonable cause, unmixed with negligence or inattention, so as to constitute a sufficient reason to warrant the opening of the judgment. "In general, [under § 52-212] there are two requirements that have to be met. First, it must be shown that the petitioner had a good defense at the time of the rendition of the judgment. Second, it must appear that failure to assert the defense before judgment was not due to the negligence of the petitioner." Stephenson, Conn. Civ. Proc. § 161 (d), p. 372. The defendant has failed to satisfy the second requirement.

For the reasons set forth, we are of the opinion that the trial court abused its discretion in granting the motion to open the judgment on default for failure to appear.

There is error, the judgment for the defendant is set aside and the case is remanded with direction to reinstate the judgment for the plaintiff on default for $1500 plus costs.

In this opinion LEVINE and KOSICKI, Js., concurred.