The defendant has appealed from the denial of its motion to open a judgment upon default for failure to appear for trial. The plaintiff brought this action against the defendant for its failure to pay for the purchase of her 1969 Mercedes Benz automobile which she delivered to the defendant, but which she claims was converted to the defendant's use.
The trial was originally scheduled for December 11, 1978, but was continued by agreement of the parties to the following day, when it was once again continued until December 13. The defendant's only witness failed to appear on December 13 and a default for failure to appear was rendered against the defendant. After a hearing in damages, held the same day, *Page 677 
judgment was rendered for the plaintiff. On December 17 the defendant moved to open the judgment by default. The motion was filed within the time limits established by General Statutes52-212. In this motion, the defendant alleged that its witness, who was one of its employees, misunderstood counsel's instructions regarding his appearance at trial and was misinformed by fellow employees regarding messages left by counsel as to his appearances. The motion did not indicate the nature of the defendant's defense and, although it was signed by the defendant's attorney, was not verified by oath. At the hearing on the motion, the defendant presented some evidence that the witness was suffering from a serious illness during the month of December.
General Statutes 52-212 governs the opening of judgments upon default. It provides that "[a]ny judgment rendered or decree passed upon a default ... may be set aside, within four months succeeding the date on which it was rendered ... upon the complaint or written motion of any party ... showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment ... and that the ... defendant was prevented by mistake, accident or other reasonable cause from ... making the same. Such complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the ... defendant failed to appear." Similar language is also found in Practice Book 377.
Despite the defendant's attempt to establish the cause for the absence of the witness, it failed to comply with the procedural requirements for opening a judgment after default. The use of the word "shall," rather than "may," in both the statute and the rule *Page 678 
of practice indicates that these requirements are mandatory rather than directory. Blake v. Meyer,145 Conn. 612, 616, 145 A.2d 584 (1958). General Statutes 52-212 states that the motion to open "shall be verified by the oath of the complainant or his attorney" and "shall state in general terms the nature of the claim or defense." We have previously held that failure to comply with these requirements constitutes a ground for the denial of the motion to open judgment. Maccio v. Hundley,36 Conn. Sup. 623, 628 (1980).
Accordingly, the trial court's denial of the motion to open was proper.
 There is no error.
SHEA, DALY and BIELUCH, Js., participated in this decision.