### ANIBAL VERISSIMO *v.* MARIA VERISSIMO (2917)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued November 6, 1984—decision released January 29, 1985

*George W. Ganim,* with whom, on the brief, was *Michael G. Maronich,* for the appellant (defendant).

*Bill L. Gouveia,* for the appellee (plaintiff).

PER CURIAM. In this marital dissolution case, the defendant appeals[1] from the order of the trial court denying her postjudgment motion to open and vacate the judgment. We find no error.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

At the end of the second day of trial, the parties, after extensive negotiations, arrived at an agreement and presented it to the court, *F. Freedman, J.*, as a stipulation. Since both parties are Portuguese and speak only limited English, before hearing the agreement the court instructed counsel to state it in short segments so that the court interpreter could repeat it for the parties. After recitation of the agreement by both counsel, with some suggested modifications by the court to which the parties agreed, the court asked the defendant, through the interpreter, whether she understood the agreement and whether it was agreeable to her. She replied, "Yes." The court thereupon approved the agreement as modified, and rendered judgment.

In order to effectuate the judgment, the defendant was required to release to her counsel certain funds in her name in a savings bank. This requirement was included in the recitation of the agreement. When the defendant refused to release these funds, the plaintiff moved to hold her in contempt of court. After a hearing on this motion, the court ordered the defendant to deliver the pertinent bank books, together with signed withdrawal slips, to her counsel.

The defendant thereafter changed counsel and moved to open and vacate the judgment on the various but related grounds that, at the time of the judgment, she did not understand that she was agreeing to the terms of the agreement, she did not receive a good translation from English to Portuguese of the negotiations leading to the agreement, and she did not voluntarily and knowingly agree to its terms. After a full hearing, the court denied the motion.

## I

The defendant's first claim is that Judge Freedman should have disqualified himself from hearing her motion to open and vacate the judgment because, at

the earlier hearing on the plaintiff's motion for contempt, he indicated prejudice against her and a prejudgment of the issues to be raised at the hearing on her subsequent motion to open and vacate. This claim is utterly without merit.

The defendant concedes that she at no time requested Judge Freedman to disqualify himself. Thus she is deemed to have waived such a claim. *Cameron* v. *Cameron,* 187 Conn. 163, 168, 444 A.2d 915 (1982); *Szypula* v. *Szypula,* 2 Conn. App. 650, 654, 482 A.2d 85 (1984).

The defendant attempts to persuade us that her claim is reviewable, nonetheless, on the ground that the trial judge committed plain error in not disqualifying himself. See *Cameron* v. *Cameron,* supra. We disagree.

Our review of the entire transcript of the hearing on the motion for contempt convinces us that what took place does not even resemble the factual situation in *Cameron* v. *Cameron,* supra. The defendant relies on two isolated remarks by the trial judge which she has culled out of context; she ignores both that context and other remarks of the trial judge, all of which make clear that he was, at that time, quite properly addressing only the motion for contempt, which was all that was before the court, and was not addressing any request to vacate the judgment, which had not yet even been made. The unmistakable thrust of his remarks, taken in context, was simply an insistence that the defendant comply with the judgment, and our review of the transcript of the hearing subsequently held on the motion to open and vacate the judgment discloses not a glimmer that the trial judge displayed either the reality or appearance of partiality. *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 444 A.2d 196 (1982); *Szypula* v. *Szypula,* supra, 653 n.3.

## II

The defendant's second claim, that the court's denial of her motion to open and vacate the judgment is not supported by the evidence, requires even less discussion. Whether a judgment rendered pursuant to an agreement was obtained without the consent of one of the parties is a question of fact for the trial court. *Kenworthy* v. *Kenworthy,* 180 Conn. 129, 429 A.2d 837 (1980); see *Jucker* v. *Jucker,* 190 Conn. 674, 679, 461 A.2d 1384 (1983); *Jackson* v. *Jackson,* 2 Conn. App. 179, 195, 478 A.2d 1026 (1984). Here, there was more than ample evidence, supplemented by the trial judge's own recollection of the proceedings at which the judgment was rendered, from which the court could conclude that the defendant's motion should be denied. That evidence was that throughout the proceedings the defendant was accompanied by and consulted with a close associate who spoke both Portuguese and English, that she understood and participated actively in all the negotiations, that the recitation of the agreement in court was done in short segments with simultaneous translation into Portuguese, that she gave her verbal assent to that agreement in court, and that she understood all the translations into Portuguese. The trial court was justified in concluding that the defendant fully understood and consented to the judgment which she sought to disturb.

There is no error.