### EMERY J. PAVEL *v.* LENA A. PAVEL
### (4011)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued June 14—decision released July 30, 1985

*Gordon A. Evans,* for the appellant (defendant).

*John D. Salling,* for the appellee (plaintiff).

PER CURIAM. In this appeal[1] from the judgment in an action for the dissolution of a marriage, the defendant wife contends that the state trial referee erred in its assignment of property and in its award of alimony and child support.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

The parties were married in 1972. They have one child, born in 1974. The present dissolution action was commenced in 1981 by the plaintiff husband. A previous dissolution action, commenced by the wife in 1978, was dismissed in 1980. In the interim, the parties had reconciled. The husband concedes, in his brief, that the state trial referee on numerous occasions admonished the wife's counsel for attempting to elicit testimony or adduce evidence during the course of the trial, which related to matters predating the filing of the second action. Further, he concedes that the state trial referee stated that he was only interested in events occurring simultaneous with the filing of the second dissolution action or occurring thereafter.

Most of the wife's claims of error[2] involve the trial court's restrictive view of what evidence was relevant and material. When "the parties choose to litigate the issues of alimony or division of property the causes of the dissolution must be considered by the court." *Sweet* v. *Sweet,* 190 Conn. 657, 660, 462 A.2d 1031 (1983). It is "error for the trial court to refuse to hear witnesses who might attest to the causes of the marital breakdown." *Posada* v. *Posada,* 179 Conn. 568, 573, 427 A.2d 406 (1980). The state trial referee's rulings on evidence suggest that the doctrine of condonation was applied to the present dissolution action. Condonation was abolished as a defense in a marital dissolution action by a 1973 statutory enactment. *Mitchell* v. *Mitchell,* 194

---

[2] The wife also raises a claim of judicial bias. This claim is not addressed because she did not move to disqualify the state trial referee before the outcome of the trial and it is considered waived. *Szypula* v. *Szypula,* 2 Conn. App. 650, 654, 482 A.2d 85 (1984). Another claim of error relates to the admissibility of testimony of the husband, a dentist, as to the age of the financial peak of solo dental practitioners. The evidentiary issue may recur on retrial but is unlikely to arise by way of the same question which is at issue in this appeal. We, therefore, do not consider this claim. The wife seeks relief, on appeal, from the trial court's financial awards only, and we, therefore, do not consider any claims of error with reference to the orders of the court relating to the custody of the child of the parties.

Conn. 312, 329, 481 A.2d 31 (1984) *(Shea, J.,* dissenting and concurring); see General Statutes § 46b-52. Evidence offered as to the causes of the marital breakdown predating the filing of the second dissolution action was admissible and the state trial referee erred in excluding such evidence in toto.

The state trial referee also erred in excluding evidence offered in respect to the statutory criteria in General Statutes §§ 46b-81 and 46b-82. Evidence offered as to the wife's contribution to the acquisition, preservation or appreciation in value of the husband's estate was admissible. General Statutes § 46b-81.

There is error in part, the judgment is set aside as to the award of alimony and child support and the division of property, and the case is remanded for a rehearing on those issues in accordance with this opinion.