LOGICAL COMMUNICATIONS, INC. *v.* MORGAN
MANAGEMENT CORPORATION ET AL.
(2524)

DUPONT, C.P.J., BORDEN and BRENNEMAN, Js.

Argued June 7—decision released August 13, 1985

*Walter T. Flaherty, Jr.,* for the appellants (defendants).

*Gordon R. Erickson,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action to recover deposits paid to secure the leasing of an office in a building managed by the defendants.[1] The plaintiff was unable to take possession of the premises due to the defendants' failure to make the agreed upon repairs by the date the lease was to begin. The plaintiff immediately notified the defendants that it would not take possession at a later date and requested a return of its payments. When the defendants refused to refund the money the plaintiff initiated this action in small claims court.

Pursuant to Practice Book § 572, the defendants removed the case to the regular docket of the Superior Court by alleging, in an affidavit, that there was a bona fide defense to the plaintiff's claim for damages.

---

[1] Morgan Management Corporation and its manager, Darlene Daley, are the defendants in this appeal. The owner of the premises at issue was not a party to this action.

The trial court awarded damages to the plaintiff plus double costs pursuant to General Statutes § 52-245. The defendants raise the following issues on appeal: (1) whether the court's comments and rulings showed sufficient prejudice to require the judge's disqualification pursuant to General Statutes § 51-39 and Canon 3 of the Canons of Judicial Conduct; (2) whether the trial court erred in concluding that no lease existed; (3) whether the defendants' breach of the covenant to repair justified the plaintiff's rescinding the lease; and (4) whether double costs were properly assessed. We find no error.

The defendants claim that they were denied a fair trial by an impartial court due to the trial judge's comment that the defense proffered was a "sham," prior to the defendants' presentation of their case in full. The question of judicial bias was not raised after the comments were made, and the defendants did not move to disqualify the judge at any time. Such action "can be construed as the functional equivalent of 'consent in open court' to [the judge's] presiding over the trial." *Timm* v. *Timm,* 195 Conn. 202, 205, 487 A.2d 191 (1985). A litigant must raise the question of disqualification in a timely and appropriate manner; *Pavel* v. *Pavel,* 4 Conn. App. 575, 576 n.2, 495 A.2d 1113 (1985); *Jazlowiecki* v. *Cyr,* 4 Conn. App. 76, 78, 492 A.2d 516 (1985); *Szypula* v. *Szypula,* 2 Conn. App. 650, 654, 482 A.2d 85 (1984); or the claim will be deemed to have been waived. *Verissimo* v. *Verissimo,* 3 Conn. App. 222, 224, 486 A.2d 1134 (1985). Parties cannot be allowed " 'to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during a trial.' " *Timm* v. *Timm,* supra, 205. Since the defendants therefore waived the claim of judicial bias, we need not consider the merits of that claim.[2] Id.

---

[2] Even if that claim were properly before this court, we would reject it. Our Supreme Court in *Cameron* v. *Cameron,* 187 Conn. 163, 444 A.2d 915

The defendants argue that the trial court erred by declining to find that a lease existed. At oral argument in this court, however, the defendants specifically abandoned their counterclaim. That is the only pleading in the case alleging a lease. Thus, we do not consider this claim of error.

The trial court was clearly disturbed by the fact that the affidavit submitted for transference of the case from the small claims docket to the regular docket raised a defense that was explicitly contradicted by the defendants' answer and the allegations made in their counterclaim. Under such circumstances, it was proper for the court to consider awarding double costs to the plaintiff under General Statutes § 52-245.[3] The award of such costs is in the sound discretion of the trial court. The court did not abuse its discretion by doubling the costs under the facts presented in this case.

There is no error.

---

(1982), reviewed the merits of a claim that the trial court had expressed preconceived opinions about the veracity of the appellant and his attorney. The court ruled that the judge's conduct in *Cameron* compromised the perception and the reality of impartiality, casting suspicion on the trial court's fair determination of the merits. Id., 171. The trial judge, in the case before us, reviewed the pleadings and exhibits submitted by the parties and heard what amounted to an offer of proof from the defendants' counsel. The judge's comments did not express any personal bias regarding the parties, but were directed at the merits of the defense claimed based on information presented to him during a trial on the merits. See *Szypula* v. *Szypula*, 2 Conn. App. 650, 655, 482 A.2d 85 (1984).

[3] "[General Statutes] Sec. 52-245. FALSE STATEMENT CONCERNING DEFENSE. COSTS. In any case in which an affidavit has been filed by the defendant, or a statement that he has a bona fide defense has been made to the court by his attorney, and the plaintiff recovers judgment, if the court is of the opinion that such affidavit was filed or statement made without just cause or for the purpose of delay, it may allow to the plaintiff, at its discretion, double costs, together with a reasonable counsel fee to be taxed by the court."