GEORGE POSTEMSKI *v.* WILLIAM LANDON, JR.
(4508)

DUPONT, C. J., DALY and BIELUCH, Js.

Argued October 17—decision released December 16, 1986

*Debra C. Ruel,* with whom, on the brief, was *Sanford Plepler,* for the appellant (defendant).

*John D. Boland,* for the appellee (plaintiff).

DALY, J. This appeal arises from the trial court's denial of the defendant's motion to open a default judgment rendered after a hearing in damages. The defendant claims that the denial of his motion was error because the trial court (1) failed to recuse itself from hearing the motion, and (2) abused its discretion.

The underlying case in this appeal was an intentional tort action brought by the plaintiff against the defendant, seeking money damages for assault and battery. The plaintiff's motion for default for failure to appear was granted. The action proceeded to judgment and the plaintiff was awarded damages, attorney's fees and costs. The defendant thereafter moved to open the judgment claiming that although the defendant had turned over a copy of the writ, summons and complaint to counsel, negotiations to settle a dissolution action between the defendant and his former spouse were being explored and that this action was a part of the settlement negotiations in the dissolution action. The motion indicated, under oath of counsel, that a good

and valid defense existed in the tort action. All matters in the dissolution action and the present tort action were heard by the same trial court. The defendant moved orally to have the court recuse itself after the court rendered an oral decision against the defendant on the motion to open.

## I

" 'No more elementary statement concerning the judiciary can be made than that the conduct of the trial judge must be characterized by the highest degree of impartiality. If he departs from this standard, he casts serious reflection upon the system of which he is a part. A judge is not an umpire in a forensic encounter. . . . He is a minister of justice. . . . He may, of course, take all reasonable steps necessary for the orderly progress of the trial. . . . In whatever he does, however, the trial judge should be cautious and circumspect in his language and conduct.' A judge 'should be scrupulous to refrain from hearing matters which he feels he cannot approach in the utmost spirit of fairness and to avoid the appearance of prejudice as regards either the parties or the issues before him.' " (Citations omitted.) *Cameron* v. *Cameron,* 187 Conn. 163, 168–69, 444 A.2d 915 (1982). Moreover, disqualification of a trial judge is not dependent upon proof of actual bias. The appearance and the existence of impartiality are both essential elements of a fair trial. Id. Canon 3 (c) (1) of the Code of Judicial Conduct requires a judge to disqualify himself in any proceeding in which judicial impartiality might reasonably be doubted. " 'Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of . . . impropriety that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of

the general standard . . . .' " *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 745–46, 444 A.2d 196 (1982).

The fact that the court below had twice found the defendant in contempt in connection with the dissolution action, is not, without further evidence, sufficient to demonstrate a personal bias against the defendant. See *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 192 Conn. 1, 7–8, 469 A.2d 778 (1984). In addition, unless the question of recusal or disqualification is raised in a timely fashion, it will be deemed to have been waived. *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 517, 508 A.2d 415 (1986); *Logical Communications, Inc.* v. *Morgan Management Corporation,* 4 Conn. App. 669, 670, 496 A.2d 239 (1985). This is because parties cannot be permitted to anticipate a decision in their favor, while reserving a right to challenge it or set it aside if it is decided against them for a reason which existed and was known to them before the decision was rendered. *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 616, 236 A.2d 466 (1967); *Pavel* v. *Pavel,* 4 Conn. App. 575, 576 n.2, 495 A.2d 1113, cert. denied, 197 Conn. 809, 499 A.2d 60 (1985); *Verissimo* v. *Verissimo,* 3 Conn. App. 222, 224, 486 A.2d 1134 (1985); *Szypula* v. *Szypula,* 2 Conn. App. 650, 654, 482 A.2d 85 (1984).

The defendant knew that the motion to open would be heard by that particular court. He failed to move for disqualification or to question the propriety of that court hearing the motion until after the court had ruled adversely on it. It is dispositive of the issue that after defendant's counsel asked if "the court should not recuse itself," the court responded, "the court does not intend, *having already decided the issue,* to recuse itself." (Emphasis added.) While the defendant does not claim that the trial court should have recused itself because it had heard the dissolution action, he does claim that it should have recused itself because its

remarks during the motion hearing showed prejudice. We conclude that the court was correct in denying the motion to recuse.

## II

This court's review of a denial of a motion to open a default judgment is necessarily based on the requirements of General Statutes § 52-212.[1] The statute provides that any judgment rendered upon default may be set aside within four months, upon the complaint or written motion of any person prejudiced by the judgment. The aggrieved person must show reasonable cause, or that a good defense existed at the time of judgment, and that the movant was prevented by mistake, accident or other reasonable cause from making the defense. Practice Book § 377 contains similar language. "It is thus clear that to obtain relief from a judgment rendered after a default, two things must concur. 'There must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause.' " *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* 196 Conn. 233, 235, 492 A.2d 159 (1985). "Since the conjunctive 'and' meaning 'in addition to' is employed between the parts of the two-prong test, both tests

---

[1] General Statutes § 52-212 provides in pertinent part: "(a) Any judgment rendered or decree passed upon a default . . . in the superior court may be set aside . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.

"(b) The complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear."

must be met." *Costello* v. *Hartford Institute of Accounting, Inc.,* 193 Conn. 160, 167, 475 A.2d 310 (1984).

In his motion to open, the defendant claimed that a good defense existed at the time the judgment was rendered. He did not, however, as required by General Statutes § 52-212, offer any evidence in support of his claim. It is settled law that a party moving to open must not only "allege" that a defense existed, but must also make a "showing" sufficient to satisfy the requirements of General Statutes § 52-212. *Eastern Elevator Co.* v. *Scalzi,* 193 Conn. 128, 133–34, 474 A.2d 456 (1984). The legislature's use of the word "shall" in General Statutes § 52-212 suggests that the two requirements are mandatory. *Lynch* v. *Imported Cars of Greenwich, Inc.,* 37 Conn. Sup. 676, 677–78, 435 A.2d 46 (1981). When, as here, there is no "showing" that a defense existed, the trial court cannot properly make a finding as to the validity of the asserted defense. *Pantlin & Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* supra, 241. Our Supreme Court has repeatedly deemed vague references to the existence of a defense insufficient bases on which to grant a motion to open. See *Manchester State Bank* v. *Reale,* 172 Conn. 520, 525, 375 A.2d 1009 (1977). At the hearing, the defendant stated through his attorney, that self-defense existed as a defense. This reference was made only by the attorney, never by the defendant under oath, either orally or in writing. This vague reference to a defense fails to meet the requirements of the statute.

The defendant also failed to satisfy the second prong of the *Pantlin & Chananie* test. While mistake, accident or other reasonable cause may be a sufficient reason to open a default judgment, negligence is not. Our Supreme Court has consistently held that "the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." *Pantlin*

& *Chananie Development Corporation* v. *Hartford Cement & Building Supply Co.,* supra, 235; *Kaplan & Jellinghaus* v. *Newfield Yacht Sales, Inc.,* 179 Conn. 290, 293, 426 A.2d 278 (1979); *Manchester State Bank* v. *Reale,* supra, 524; see also *Vetter* v. *Technical Management, Inc.,* 1 Conn. App. 282, 284, 471 A.2d 653 (1984).

*Pelletier* v. *Paradis,* 4 Conn. Cir. Ct. 396, 399, 232 A.2d 925 (1966), is very similar to the present case. There, the defendant handed the writ, summons and complaint which he had received, to his counsel on the street. Counsel neglected to file an appearance and a default judgment was entered. The trial court granted the defendant's motion to open the judgment. On appeal it was determined that a party to a lawsuit must give it the care and attention which a person of ordinary prudence usually grants to his or her important business. Id. Negligent failure to do so will usually result in a judgment of default from which no relief can be obtained. The Appellate Division of the Circuit Court concluded that the defendant's failure to appear and defend was due to negligence, inattention or both. Id., 400. Thus, the *Pelletier* trial court was found to have abused its discretion in granting the motion to open.

It is settled that mere negligence or inattention is no ground for vacating a judgment. In the present case, the defendant's failure to appear and to assert a defense was not due to any mistake, accident or other reasonable cause. His failure to appear was not untainted by negligence or inattention so as to constitute a sufficient reason to warrant opening the judgment.

On the basis of the record before us, we are unable to conclude that the trial court abused its discretion in denying the defendant's motion to open.

There is no error.

In this opinion the other judges concurred.