[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this tangled case was defaulted for failure to appear at a pretrial conference. At a subsequent hearing in damages, the defendant's motion to open the default was denied and judgment entered against it. The defendant has now moved to reopen the judgment, raising essentially the same grounds for reopening that it urged at the hearing in damages. Because the motion is unverified and because the court concludes that the previous decision by a different judge on the motion to open the default should in any event be treated as the law of the case, the motion to reopen the judgment must be denied.
Because this matter is of obvious importance to the defendant, the court has carefully examined both its file and a transcript of this hearing in damages. From these documents, the following facts appear.
The complaint, alleging breach of contract, was served on the defendant on August 3, 1990. The defendant filed its appearance on August 20, 1990. On October 1, 1990, the defendant was defaulted by the Hon. Bernard Gaffney for failure to plead. On October 10, 1990, the default was vacated by the Hon. John Byrne on the ground that the plaintiff's motion for default should have been marked "off." On November 5, 1990, the defendant was again defaulted for failure to plead, this time by the clerk. On November 14, 1990, the defendant filed an answer, and the default was set aside pursuant to Practice Book Sec. 363A.
On March 19, 1991, apparently after a pretrial conference, the Hon. William Murray issued the following order:
 Defendant's counsel to contact plaintiff in writing of any requests for additional information. The information requested shall be provided to defendant within one week of the request. Defendant is to decide whether depositions will be taken and issue notice.
CT Page 8542
 This matter is scheduled for pretrial on Friday, April 26, 1991 at 2:00 p. m.
It is undisputed that the defendant did not appear for the pretrial conference on April 26, 1991. On that date, the Hon. John Langenbach ordered the defendant defaulted for his failure to appear at the conference. On May 8, 1991, the plaintiff filed a motion for judgment.
The court's file contains a written motion by the defendant to open the default, dated May 8, 1991. It is not file-stamped or coded in but it has been frequently referred to by the parties and the court in subsequent proceedings. There appears to be little doubt that it was placed in the file on or shortly after that date. The motion claims that defendant's counsel was called to a trial in the Superior Court at Stamford on April 25, 1991, and that that trial continued through April 26, 1991. On May 9, 1991, the defendant filed a written objection to the motion for judgment, citing its motion to open the default. On May 17, 1991, the plaintiff filed a written objection to the motion to open default.
The hearing in damages was held on June 20, 1991, before The Hon. James Healey, State Trial Referee. The defendant appeared at the hearing through counsel. At the outset of the hearing, the defendant's motion to open default was extensively argued. The court noted that the defendant had taken little or no action in response to Judge Murray's March 19, 1991 order. (6/20/91 T.3-8.) The court concluded that, "I think it would be an abuse of my discretion if I were to reopen the default that has already been entered. I will permit [the defendant] to contest the amount." (Id. at 8.) A lengthy hearing in damages ensued in which the defendant did, in fact, vigorously contest the amount. At the conclusion of the hearing, judgment was entered in the amount of $27,000.
On June 28, 1991, the defendant filed the motion to reopen the judgment upon default now before the court. The motion contends that defense counsel had misread a notation on his calendar and on April 26, 1991, "was assisting trial counsel during an ongoing trial in Bridgeport." (It will be recalled that the May 8, 1991, motion to open default had contended that defense counsel was in Stamford; this disparity has not been explained.) The motion also contends that the court during the hearing in damages did not consider whether the damages should be off-set by a credit for fuel and erroneously denied a request to use certain admissions to reduce the damages. The motion is not in any way verified by the oath of the complainant or its attorney. On July CT Page 8543 10, 1991, the plaintiff filed a written objection. The motion was argued before me on short calendar on September 9, 1991. I have subsequently suggested to Judge Healey the possibility of referring the motion to him, given his previous involvement in the case, but Judge Healey is of the opinion that as a state trial referee he does not have the statutory authority to hear short calendar matters. Judge Healey and I have not in any way discussed the merits of the motion. Of necessity, the responsibility to decide the motion has fallen to me.
Conn. Gen. Stat. Sec. 52-212 (a) provides that a judgment rendered upon a default may be set aside within four months following the date on which it was rendered upon a written motion "showing reasonable cause, or that a good . . . defense in whole or in part existed at the time of the rendition of the judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the defense." Sec. 52-212 (b) adds the requirement that the motion "shall be verified by the oath of the complainant or his attorney."
It is clear to begin with that the motion to reopen the judgment must be denied because it is not verified by the oath of the complainant or its attorney. Verification is an express requirement of the statute, and a failure to comply with this requirement "constitutes a ground for the denial of the motion to open judgment." Lynch v. Imported Cars of Greenwich, Inc.,37 Conn. Sup. 676, 678, 435 A.2d 46 (App. Sess. Super. Ct. 1981). The legislature's use of the wo word "shall" in the statute suggests that the requirement is mandatory. Postemski v. Landon, 9 Conn. App. 320,325, 518 A.2d 674 (1986). At the very least, no plausible grounds for disregarding the verification requirement in this case have been submitted by the defendant. Consequently, the motion to reopen judgment must be denied on this ground alone.
Even if the requirement of verification did not exist, however, the court would not grant the motion given the history of this case and the grounds raised in the motion. The allegations of error in the hearing in damages are, of course, not proper grounds for a Sec. 52-212 motion. Sec. 52-212 provides an avenue of relief if a defaulted defendant has been prevented from making a defense by virtue of his default. Where he appears and is allowed to contest damages, the adverse rulings of the court on the contested issue must be attacked on appeal, if at all.
More generally, the defendant's claim with respect to its failure to appear on April 26, 1991, was essentially made to Judge Healey on June 20, 1991, and Judge Healey found that no reasonable cause to open the default had been shown. This prejudgment ruling is not binding on me. The present motion to reopen the judgment is a separate motion sanctioned by statute, and could CT Page 8544 unquestionably be granted (putting the requirement of verification to one side) if good cause were shown. At the same time, however, "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982). The rule announced in Breen is this: "[I]f the case comes before [a judge] regularly and he becomes convinced that the view of the law previously applied by his coordinate predecessor was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." Id. at 100. Accord, Carothers v. Capozziello, 215 Conn. 82, 107, 574 A.2d 1268 (1990).
After a careful review of the facts of this case, I am not convinced that Judge Healey's ruling was clearly erroneous. The fact that counsel may have been engaged in trial elsewhere is not ordinarily grounds for reopening a default when he has not communicated the fact of his engagement to both opposing counsel and the court in advance. If a default results from a failure to appear in court under such circumstances, the defendant "has no ground for complaint. The default is the result of his own neglect." Automotive Twins, Inc. v. Klein, 138 Conn. 28, 34,82 A.2d 146 (1951). See Jaconski v. AMF, Inc., 208 Conn. 230,237-39, 543 A.2d 728 (1988).
For these reasons, the motion to reopen the judgment is denied.
JON C. BLUE JUDGE OF THE SUPERIOR COURT