[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE; DEFENDANT'S MOTION FOR RECUSAL
The defendant moved to recuse the court, Dranginis, J., on grounds which had been earlier waived. It is conceded by defendant that he had waived the issue at that earlier time when the issue was brought to the attention of the parties and counsel, on the record, by the court, before the court commenced a hearing on the merits of the Plaintiff's Motion for Contempt.
The defendant and the plaintiff were advised that the court was a named defendant in a foreclosure matter pending before the United States District Court in Hartford. Counsel for the defendant represents the plaintiff FDIC in that action. It was disclosed that the court had limited involvement in that litigation, and did not feel that there was need to recuse, but left the issue open to the parties and their counsel. Both declined to have the court recuse itself at that point. CT Page 9572
Subsequent to the court decision on the Motion for Contempt, and on a Motion for Modification, the Motion for Recusal was filed. The court is not aware of pending motions which might be affected by recusal. The court asked defendant's counsel for caselaw which might support her position on behalf of the defendant. The court permitted the defendant time to file a brief on the issue of whether or not recusal for a specific reason, once waived, could be reclaimed.
The defendant has not supplied the court with any case law that would support that position. The defendant goes on to claim recusal on the grounds of partiality, not claimed earlier. The defendant cites Cameron v. Cameron, 187 Conn. 163 (1982), to suggest that the court's finding that the defendant lacked credibility, found in its Memorandum of Opinion of April 5, 1995, would demonstrate bias against him in all other proceedings. The plaintiff argues that the defendant misconstrues the holding in Cameron, supra, and argues that the finding, in a memorandum of opinion of a lack of credibility, is distinguishable from the case wherein the court opined on the credibility of the party, prior to the sworn testimony of the party.
The court finds the original claim of recusal to be abandoned, that claim not briefed, nor supported by the caselaw. The court finds that once waived, this claim cannot be renewed following a memorandum of opinion which makes findings contrary to the interest of the defendant. "A litigant must raise the question of disqualification in a timely and appropriate manner . . .," Pavel v. Pavel, 4 Conn. App. 575, 576 n. 2, (1985),Verissimo v. Verissimo, 3 Conn. App. 222, 224 (1985). To allow a party to wait to claim recusal, or to renew such a claim after hearing or trial, would give the party an undue advantage of seeing the opinion of the court, and reserving a right to set aside or impeach the judgment of the court. Timm v. Timm,195 Conn. 202, 205 (1985).
The claim made after argument, and only raised in the brief filed with the court, will be addressed by the court, despite the fact that the defendant was asked to brief the claim articulated in defendant's oral presentation. The additional claim is also without merit. The court was required to find issues of credibility, based on the facts presented in the Motion for Contempt. The defendant had testified that business reverses had CT Page 9573 made it impossible for him to pay both periodic and lump sum alimony consistent with the judgment of the court, Harrigan, J. On cross-examination, he conceded that at the same time he was obligated by court order to pay approximately Twenty Thousand ($20,000.00) Dollars in alimony, he had purchased a Twenty Thousand ($20,000.00) Dollar engagement ring for his fiancee.
The court was required to make a finding of credibility in assessing whether or not the failure to pay, which was conceded, was done so willfully. The claim of the defendant in his testimony was not believed, and in assessing all of the evidence, the court made its findings. The court merely did what is customarily required. The facts of this case are clearly different from those in Cameron, supra, where comments by the court during the proceeding indicated a predisposition with respect to credibility of one party. In this case, no finding with respect to credibility was made until the proceeding was concluded. Had the defendant desired to appeal the court's findings, he had the opportunity to do so. Under the circumstances, the court cannot find that a reasonable person, knowing all of the circumstances, would question the judge's partiality. Papa v. New Haven Federation of Teachers, 186 Conn. 725(1982).
The Motion for Recusal is denied.