[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Prior to a hearing on a Motion for Contempt, the defendant filed Motion to Release (Disqualify) #329R and Motion to Disqualify Counsel #322R and 323R. CT Page 9134
The Motion for Contempt was addressed to the issue of the non-payment of child support.
The defendant filed a multi-page "brief" citing Canons 1, 2 and 3 of the Code of Judicial Conduct, the Rules of Professional Conduct, and certain Amendments to the United States constitution. No case cites were offered to the court as authority for the defendant's position. The defendant alleged criminal conduct on the part of the court, and asked that the court refer the motion to another court for an evidentiary hearing. This court found no reasonable basis for such a factual hearing.
The law recognizes that the integrity of the judicial system requires that both the fact and the appearance of impartiality are essential to a fair hearing. A party who has a good faith belief, grounded on facts, that a judge is biased, is entitled to demonstrate that bias, and that demonstration must be based on more than opinion or conclusion of the party making such a claim. The claim must amount to more than a compendium of vague and unverified assertions of partiality. See Szypula v. Szypula,2 Conn. App. 650 (1984). Public confidence in a fair trial is implicated upon such a claim. (Cameron v. Cameron, 187 Conn. 163,168 (1984). Felix v. Hall-Brooke Sanitarium, 140 Conn. 496
(1953), and Papa v. New Haven Federation of Teachers, 186 Conn. 725
(1982) (which case implies that if a factual hearing is in order then that hearing should be conducted before another judge.))
The motion was made immediately prior to the hearing on the Motion for Contempt.
The timeliness of the motion is of concern and must be assessed Krattenstein v. G. Fox Co., 155 Conn. 609 (1967). Nonaction by a party at trial "can be construed as the functional equivalent of `consent in open court' to [the judge's] presiding over the trial. Timm v. Timm, 195 Conn. 202 (1985), Pavel v.Pavel, 4 Conn. App. 575 (1985).
The claim of bias or prejudice, to be disqualifying must emanate from some extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. United States v. GrinnellCorp., 384 U.S. 563, 86 S.Ct. 1698 (1966). The judge should, CT Page 9135 however, refrain from any statement or attitude which would deny the party a fair trial. State v. Gionfriddo, 154 Conn. 90 (1966). In Cameron v. Cameron, 187 Conn. 163 (1982) the trial judge in a dissolution action actually commented, during the trial of the case, that the defendant lacked credibility and found him in contempt. That court held that a judge has the obligation to insure that no falsehood or fraud is perpetrated in court, and to reprimand counsel in order to protect the rights of litigants. InBarca v. Barca, 15 Conn. App. 604 (1988), the claim was made, after the trial, that comments from the trial judge were such that a party was denied a fair trial. The court held that there was no instance in the record of judicial conduct "so obvious that it affect[ed] the fairness and integrity of and public confidence in the judicial proceedings [which] . . . result[ed] in an unreliable verdict or a miscarriage of justice." (Citations omitted; internal quotation marks omitted.) Smith v. Czescel,12 Conn. App. 558, 563 (1987) quoting State v. Hinckley, 198 Conn. 77,88 (1985).
The defendant's motion to disqualify this court was made prior to the court's having heard any issues on the case. The defendant appeared and agreed on the record many of the vague and unverified assertions not only of partiality, but of criminality.
Most importantly to this exercise however, was his statement, after the court allowed him to speak at length that ". . . [A]nd I would submit not only your Honor, but no judge could" (Emphasis added) (T., 8/14/95, After Session, pg. 25).
The defendant argued that only after a review by the U.S. Attorney that no criminality took place, could any judge of the Superior Court hear the motion for contempt.
This court finds that there is no competent claim sufficient to require recusal and that the defendant's motion was and may continue to interpose the same vague and unverified assertions if yet another judge is called upon to hear this matter.
The motion to recuse, is denied. The motion to disqualify the attorney for the plaintiff is denied on the basis that the defendant has no standing to assert such a claim.
The motion for contempt will be heard by this court on the short calendar in the Litchfield Judicial District on December 9, 1996 unless earlier withdrawn by the plaintiff. CT Page 9136
DRANGINIS, J.