[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, the Jewett City Savings Bank, moves to strike all of the special defenses pleaded by the defendant, the Town of Canterbury.
The complaint alleges that the town created and maintained a municipal landfill and town garage on property neighboring the plaintiff's land and, further, that these activities contaminated and continue to pollute the plaintiff's property. The complaint contains six counts propounding claims under G.S. § 22a-16; absolute nuisance; negligent nuisance; trespass; clean up costs under G.S. § 22a-452; and obstruction of right-of-way, respectively. The plaintiff seeks injunctive relief and compensatory and punitive damages.
The defendant raises, as to all counts, the special defenses of the expiration of any applicable statutes of limitations and governmental immunity; as to the first and fifth counts, that such activities were lawful when they occurred; as to the first and second counts, that such activities were reasonable; as to the second count, assumption of the risk; as to the third count, contributory negligence; as to the fourth count, consent; and as to the prayer for relief, the nonavailability of punitive damages against a municipality.
The defendant attacks the legal sufficiency of all of these defenses.
 I
With regard to the statute of limitations defense, the plaintiff contends that any applicable statute began to run, at the earliest, when the plaintiff acquired the property, about one year before this action was begun. The court rejects this contention.
The pertinent statutes of limitation are G.S. §§ 52-577,52-577c(b), and 52-584. These statutes ran, at the latest, on the date when, with reasonable care, the landowner ought to have discovered the pollution. The defendant is entitled to attempt to prove that such a date occurred several years ago and beyond the time period of the applicable statutes.
The plaintiff appears to argue that the statutes of limitation can only be measured from the date it acquired the property. That argument, extended to its logical conclusion, CT Page 12040 would mean that on every occasion when the land was transferred to a new owner, the expired statutes of limitation could revive and run anew. That result would undermine the repose which such statutes are designed to create.
The fact that the parties disagree as to whether the pollution ceased in the past or continues to the present is of no moment. The defendant is not bound by the plaintiff's factual allegations and can assume the burden of trying to prove that the contamination and resulting damage occurred years ago.
The plaintiff's motion to strike the defenses based on the statutes of limitations is denied.
 II
The plaintiff also claims that the defense of governmental immunity under G.S. § 52-557n is inapplicable. Section 52-577n both codifies and limits the common-law doctrines of municipal liability and governmental immunity. Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 192 (1991). Subsection 53-557n(a)(2)(B) expressly immunizes towns from liability for damage caused by "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law".
The plaintiff submits that, because § 52-557n(b)(9) exempts towns from liability for the failure to prevent pollution of land by others, if the town is the polluter liability immediately attaches. The plaintiff's position fails to recognize the distinction between § 52-557n(a) and § 52-557n(b). The former subsection defines those circumstances in which a town may be liable; the latter those circumstances when it definitely is not liable. Sanzone v. Board of Police Commissioners, supra, 193.
Even though the exemption under § 52-557n(b)(9) may be unavailable, the plaintiff's case must still satisfy the conditions of § 52-557n(a)(2)(B) which imposes liability on towns for negligent acts of its agents, officers, or employees unless those acts are discretionary. The defendant must be afforded the opportunity to demonstrate that the damage to the plaintiff's property was caused by the acts of others or by the exercise of discretion by town agents or employees. CT Page 12041
The motion to strike the special defense based on governmental immunity under § 52-557n is denied.
 III
The plaintiff also moves to strike the special defense to the first and fifth counts which asserts that the defendant's activities which led to the pollution of the plaintiff's land occurred before the enactments of § 22a-16 and § 22a-452. The court addresses these statutes separately.
 A
Section 22a-16 was enacted as Sec. 3 of P.A. 71-96, the Environmental Protection Act of 1971. Section 4 of that Act became G.S. § 22a-17. Section 22a-17 establishes the statutory, affirmative defenses to action brought under § 22a-16 of reasonableness and nonfeasibility of alternative actions. Section 22a-17 states that these affirmative defenses apply when the party bringing the § 22a-16 claim "has made a prima facie showing that the conduct of the defendant, . . ., has, or is reasonably likely unreasonably to pollute, impair or destroy the public trust in the air, water or other natural resources . . ." (Emphasis added.)
Clearly, the affirmative defenses described in § 22a-17
refer to past as well as ongoing contamination. By implication, actions brought under § 22a-16 must also cover past pollution. The question remains, however, as to whether the Environmental Protection Act of 1971 was meant to apply to contamination which occurred before the effective date of the Act, viz. October 1, 1971.
Whether a statute applies retroactively or prospectively only depends on legislative intent. Colonial Penn Insurance Co.v. Bryant, 245 Conn. 710, 718 (1998). General Statute § 55-3
generates a presumption of nonretroactivity for statutes which create new, substantive obligations. Id. This presumption is rebutted when the legislature "clearly and unequivocally" expresses an intent of retrospective application. Id.
The Act did more than merely alter procedure or clarify preexisting law. It created a substantive change in the law which permitted a variety of parties to initiate suit to compel governmental entities to abate pollution of the environment. CT Page 12042 Nothing in the language of the Act or its legislative history unequivocally evinces an intent that its provisions were meant to apply retroactively. See 14HR Proc, Part 2, 1971 session, p. 733-765; and 14S Proc, Part 3, 1971 session, p. 1082-1097.
Consequently, the defendant must be afforded the opportunity to establish that the damage complained of occurred before October 1, 1971. The motion to strike is denied as to this defense.
 B
On the other hand, § 22a-452 allows parties who contain, remove, or mitigate the effects of pollution caused by "any discharge, spillage, uncontrolled loss, seepage or filtration" of certain contaminants to recover clean-up costs from the party who caused the contamination. This provision was enacted, as to the befoulment of land, by P.A. 79-605, Sec. 6, and took effect July 3, 1979.
Retroactivity is not an issue as to this count. The plaintiff alleges in the fifth count that it has incurred and will in the future incur such clean-up costs. None of these expenses is alleged to have been assumed before July 3, 1979. The statute expressly permits reimbursement for expenditures to abate the damage caused by "any" discharge, etc. The date of the befoulment which necessitated the clean-up appears irrelevant. Section22a-452 is remedial and, therefore, ought to be liberally construed to effect its purpose to ameliorate environmental corruption.Knight v. F.L. Roberts and Company, Inc., 241 Conn. 466, 474
(1997).
The motion to strike is granted as to this special defense to the fifth count claiming clean-up costs under § 22a-452.
 IV
Next, the plaintiff moves to strike the defense of reasonableness with respect to the first and second counts of the complaint brought under § 22a-16 and absolute nuisance, respectively.
As discussed above, § 22a-17 makes reasonableness and nonfeasibility of alternatives affirmative defenses to § 22a-16 claims. Therefore, the motion to strike this defense is CT Page 12043 without merit as to the first count.
The second count claims that the defendants has created an absolute nuisance. Reasonableness or lack thereof is the touchstone of such claims. D. Wright, J. Fitzgerald, and W. Ankerman, Connecticut Law of Torts (3d Ed. 1991), § 128, p. 369. While unreasonableness may be an element of absolute nuisance which the plaintiff otherwise must prove, nothing prevents a defendant from placing that burden onto itself by alleging reasonableness of conduct as a special defense. Stephenson's Connecticut Civil Practice (3d Ed. 1997), § 83e.
The motion to strike this defense as to the first and second counts is denied.
 V
The plaintiff also moves to strike the defense of assumption of the risk as to the second count which alleges absolute nuisance.
Assumption of the risk is a valid defense to absolute nuisance under the common-law. Starkel v. Edward Balf Co.,142 Conn. 336, 342 (1955). The legislature abolished this defense as to negligence cases, C.G. § 52-572(l), but made no similar extinction as to absolute nuisance. The plaintiff contends that this court ought to extend the abolition to cover absolute nuisance claims. The court declines to do so.
Overturning a Supreme Court precedent remains the prerogative of that Court and the legislature. This court is bound to follow such precedent except in the most compelling of circumstances.Chung v. Commissioner, 245 Conn. 423, 425 and 433 (1998).
The motion to strike this defense is denied.
 VI
The plaintiff also argues that the failure to detect contamination by another, as a matter of law, can never constitute contributory negligence, as raised by the special defense to the third count of the complaint which alleges negligent nuisance. The plaintiff cites no authority for this proposition. CT Page 12044
Contributory negligence is a good defense to negligent nuisance. Kostyal v. Cass, 163 Conn. 92, 99 (1972). That case involved a claim of contamination of neighboring land by a leaking fuel tank on property of the Town of Bantam. Whether failure to detect contamination by another is contributory negligence is a factual issue to be resolved by the trier-of-fact.
The motion to strike this defense to the third count is denied.
 VII
The plaintiff also moves to strike the defense of consent to the fourth count of the complaint which sounds in trespass. The plaintiff argues that the defendant's allegation that a previous owner of the plaintiff's land consented to the defendant's maintaining a landfill and town garage on abutting property is a mere conclusion of law. To the contrary, consent is usually a factual issue. Goodrich v. Diodoti, 48 Conn. App. 436, 442
(1998); Verissimo v. Verissimo, 3 Conn. App. 222, 225 (1985).
The motion to strike is denied as to this defense to the fourth count.
 VIII
The plaintiff contends that the special defense to its claim for punitive damages ought to be stricken. Punitive or exemplary damages are unavailable against a municipality. Hartford v.International Assoc. of Firefighters, 49 Conn. 805, 817 (1998).
The motion to strike this defense is denied.
In summary, the court denies the plaintiff's motion to strike the special defenses except for the defense to the fifth count regarding activities predating the enactment of § 22a-452.
Sferrazza, J.