[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The intervening defendant. John Chiarella ("the defendant"), has moved pursuant to Practice Book § 1-22 that the undersigned disqualify herself from rendering a decision on the defendant's motion to open judgment. The defendant contends that the undersigned has a bias against the defendant's counsel, Paul Yamin, and that such bias may compromise the court's objectivity in ruling on the motion.
This action went to judgment in August, 1991. On January 28, 1997, the defendant filed a motion to open the judgment and a motion to intervene as a defendant. He was permitted to intervene for the purpose of being heard on his motion to open. The court (Vertefeuille, J.) heard evidence on the motion to open on July CT Page 2027 24, 1997, August 5, 1997, September 18, 1997 and January 30, 1998. The defendant first raised his claim for recusal in a motion dated June 4, 1998. That motion was denied on November 20, 1998 for non-compliance with Practice Book § 1-23. The defendant then filed the motion to disqualify that is now before the court.
Canon 3(C)(1)(A) of the Code of Judicial Conduct provides that a judge should disqualify himself/herself "in a proceeding in which the judge's impartiality might reasonably be questioned, including . . . where the judge has a personal bias or prejudice concerning a party. . . ." Although the Canon does not specifically refer to bias against an attorney for a party, the court will assume that the same standards and requirements apply to a claim of bias against an attorney as apply to bias against a party.
Proof of actual bias is not required for disqualification.Cameron v. Cameron, 187 Conn. 163, 170 (1982). The test is whether a reasonable person who is aware of all the circumstances surrounding the judicial proceeding would question the judge's impartiality. LaBow v. LaBow, 13 Conn. App. 330, 334 (1988), The burden of establishing the appearance of bias or partiality rests with the party seeking disqualification. Norse Systems, Inc. v.Tingley Systems, Inc., 49 Conn. App. 582, 588 1998),
The defendant relies on three instances of interaction between the undersigned and Mr. Yamin to establish an appearance of bias against Mr. Yamin. The first is a remark made by the court during the hearing on the motion to open on September 18, 1997. The second is a remark made by the court on November 18, 1997 during jury selection in another, unrelated case. The defendant failed, however, to make a claim of disqualification based on either of these remarks until months later, in June, 1998. A litigant must raise a claim of disqualification in a timely manner or the claim will be deemed to be waived. DeMatteov. DeMatteo, 21 Conn. App. 582, 591 (1990). A claim for disqualification must be made "with reasonable promptness" after learning the basis for such a claim. Clisham v. Board of PoliceCommissioners, 223 Conn. 354, 367 (1992).
Mr. Yamin was present for both of the remarks of the court that he cites as evidence of the court's bias against him. Yet the defendant waited over six months after the remarks were made to raise the issue of the court's disqualification. During the CT Page 2028 interim, the court heard additional evidence on the motion to open judgment, all three parties filed post-trial briefs and the case reached the status of being ready for disposition. The court finds that the defendant waived his claim of disqualification by tailing to raise the issue of disqualification with reasonable promptness after the court's remarks on September 13, 1997 and November 18, 1997.
The third instance of alleged bias by the court occurred in June, 1998 when, in another civil action, the court granted a motion for sanctions against Mr. Yamin for making repeated misstatements to the court. In granting the motion, the court ordered Mr. Yamin to pay attorney's fees of $1,905 to opposing counsel. The court's ruling is set forth in a seven page memorandum of decision. Mr. Yamin has challenged the court's ruling by filing a writ of error with our Supreme Court.
The defendant cites no precedent for his claim that the undersigned's award of sanctions against Mr. Yamin in another case should disqualify the court from ruling on the motion to open judgment in this case. In an analogous situation, where a judge has found a party in contempt of court, our Appellate Court has ruled that the contempt finding is not sufficient to establish an appearance of bias against that party. LaBow v.LaBow, supra, 13 Conn. App. 341. The Appellate Court has further held that twice finding a party in contempt is not sufficient to disqualify the judge "without further evidence." Postemski v.Landon, 9 Conn. App. 320, 323 (1986). The fact that a trial court has ruled adversely to a party does not demonstrate bias, even if the ruling is found to be erroneous on appeal. Hartford FederalSavings Loan Ass'n v. Tucker, 192 Conn. 1, 8 (1984), cert. denied 474 U.S. 920, 106 S.Ct. 250, 88 L.Ed.2d 258 (1985). Granting a motion for sanctions against Mr. Yamin is not sufficient evidence of personal bias to disqualify the undersigned.
The defendant has failed to sustain his burden of establishing a personal bias against Mr. Yamin. A reasonable person aware of all the circumstances would not question the impartiality of the undersigned. Accordingly, the motion to disqualify is denied.
Vertefeuille, J. CT Page 2029